UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

AUSTIN TUPLER TRUCKING, INC., JUNER HAULING CORPORATION, RETRANCA EQUIPMENT & TRUCKING CORP., TRUCK BROKERAGE BY NATIONAL, INC., and EASTMAN AGGREGATES

   Plaintiffs,

vs.

SUPPORT TRUCKING GROUP, JOHN DOE ASSOCIATION A/K/A THE COMMISSION, JUAN ARAGONES, OSCAR DE LEON, REYNALDO RODRIGUEZ, OSCAR PUPO, RAFAEL D. JIMENEZ, NORVEL IGARZA, ALAYN HERNANDEZ, EDUARDO RODRIGUEZ, OSMELY JIMENEZ, OSCAR SUAREZ, JULIO GOMEZ, RIGODERTO PUPO, RENIER MARTINEZ, GIRALDO VICTORIA, VICTOR MORALEZ, JOHN DOE 1 through 300, OWNERS ASSOCIATION OF PALM BEACH AND BROWARD COUNTY, CHARLES LUQUE, JORGE VALIENTE, JOSE MATOS, ISAAC TURGEMAN, ILCEANE SFORCA, OSSIE FERNANDEZ, and DANIEL BALAZI

   Defendants.
_____/

**CIV - GOLD**

**00-6223**

CASE NO.:


MAGISTRATE JUDGE
SIMONTON

Magistrate Judge: _____

**COMPLAINT, REQUEST FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

1. Plaintiffs, Austin Tupler Trucking, Inc., Juner Hauling Corporation, Retranca Equipment & Trucking Corp., Truck Brokerage By National, Inc., and Eastman Aggregates

(collectively, "Plaintiffs") file this Complaint, Request for Injunctive Relief, and Demand for Jury Trial against Defendants as a result of their tortious and illegal conduct set forth herein, which has caused and continues to cause irreparable harm to Plaintiffs and their business relationships.

## The Parties

2. Plaintiff Austin Tupler Trucking, Inc., is a corporation incorporated under the laws of the State of Florida and has its principal place of business in Florida.

3. Plaintiff Eastman Aggregates, is a corporation incorporated under the laws of the State of Florida and has its principal place of business in Florida.

4. Plaintiff Juner Hauling Corporation, is a corporation incorporated under the laws of the State of Florida and has its principal place of business in Florida.

5. Plaintiff Retranca Equipment & Trucking Corp., is a corporation incorporated under the laws of the State of Florida and has its principal place of business in Florida.

6. Plaintiff Truck Brokerage by National, Inc., is a corporation incorporated under the laws of the State of Florida and has its principal place of business in Florida.

7. Plaintiffs are all engaged in the truck brokerage business whereby independent truck owner-operators are hired as independent contractors for jobs relating to a variety of contracts that have been awarded to Plaintiffs based on their bids. Plaintiffs, accordingly, are able to offer Defendants a variety of work opportunities on different construction projects which allows Defendants to work more often and be paid on a more consistent basis.

8. Defendants are independent truck owner-operators or associations of independent truck owner-operators.

9. Each Individual Defendant in an independent business person.

10. The Individual Defendants contract with Plaintiffs to haul various materials based on contracts entered into by Plaintiffs with third parties.

11. Defendants are residents of the State of Florida and they conduct business in South Florida, specifically in Dade, Broward, and Palm Beach counties.

12. The John Doe defendants are independent truck owner-operators participating in the illegal conduct set forth herein but have yet to be identified. Once these Defendants are identified, they will be substituted for the John Doe defendants.

13. Plaintiff's estimate there are as many as 300 John Doe defendants participating in the work stoppage.

## Jurisdiction

14. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiffs' claims brought under the Sherman Anti-Trust Act, 15 U.S.C. § 1-7, and the Clayton Act, 15 U.S.C. § 12-26; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claims brought pursuant to the Florida Anti-Trust Act of 1980, Fla. Stat. §§ 542.15-542.36, and state law tort claims.

## Background Facts

15. On or about February 7, 2000, Defendants, in conspiracy with one another, initiated a work stoppage for all independent truck owner-operators in South Florida.

16. On or about February 7, 2000, Defendants, in conspiracy with one another, began protests along the sides of state and federal highways in Dade, Broward, and Palm Beach counties for the illegal purpose of forcing Plaintiffs to establish a uniform, minimum tariff that would be paid Defendants.

17. These roadside protests are in violation of Fla. Stat. § 337.406, but local law enforcement agencies have failed to enforce the law due to concerns over violence.

18. Individual Defendants are all independent contractors who own their own equipment and control the manner, means, and details of work that is performed pursuant to contracts with each Plaintiff.

19. Several Defendants and their allies and agents have stated publicly that the work stoppage is for the purpose of establishing a higher minimum tariff or price to be paid Defendants for services rendered pursuant to their independent contractor agreements with Plaintiffs.

20. As part of their coordinated work stoppage, Defendants have boycotted Plaintiffs, other businesses engaged in the same type of work as Plaintiffs, and Plaintiffs' suppliers and customers because Plaintiffs have not acquiesced to Defendants' demands.

21. As part of their conspiracy, and to increase the effectiveness of their work stoppage, several Defendants and their allies and agents have threatened, harassed, and assaulted other independent owner-operators who have contracts to provide services to Plaintiffs.

22. As a result of Defendants and their allies and agents threats, harassment, and acts of violence, other independent owner-operators who have contracts to provide services to Plaintiffs have stopped doing business with Plaintiffs.

23. Defendants have attempted to form a monopoly by collectively soliciting a single broker to agree to their demands. In exchange, Defendants would agree to collectively do business only with that broker and would pressure other owner-operators to not do business with any other broker, including Plaintiffs.

24. Defendants' actions are for the purpose of restraining trade by illegally setting prices.

25. Defendants' actions have had a profound impact on interstate commerce and competition.

26. Defendants' actions have caused and continue to cause irreparable harm to Plaintiffs and such harm will continue absent this Court granting the injunctive relief sought herein.

Count I
<u>Violation of The Sherman Anti-Trust Act and The Clayton Act</u>

27. Plaintiffs incorporate paragraph numbers 1-26 of this Complaint as if fully set forth herein.

28. Defendants are independent contractors and but for their illegal conspiracy would be in competition with one another.

29. Defendants have conspired, collaborated and/or contracted with each other to set minimum tariffs to be paid to Defendants for jobs completed.

30. Defendants have conspired, collaborated and/or contracted with each other to boycott Plaintiffs and other similar businesses for the purpose of effecting their plan to set prices and effect commerce.

31. Defendants' action are in violation of the Sherman Act, 15 U.S.C. §§ 1-7, and the Clayton Act, 15 U.S.C. §§ 12-26, and constitute a per se violation of these Acts.

32. Several Defendants and their allies and agents have threatened, harassed, and assaulted truck drivers, Plaintiffs' customers and suppliers, and other independent owner-operators who have chosen not to honor Defendants' work stoppage, including those who do business with Plaintiffs.

33. Defendants have also attempted to establish a monopoly in violation of the federal antitrust laws.

34. Plaintiffs have suffered and continue to suffer irreparable harm as a result of Defendants' illegal conduct.

35. Wherefore, Plaintiffs respectfully request the Court enter judgment in their favor and award Plaintiffs treble damages, costs, and attorney's fees incurred as a result of this action and permanent injunctive relief ordering Defendants to immediately and permanently cease all conduct violative of the Sherman Act and the Clayton Act. *See* 15 U.S.C. §§ 15, 26.

## Count II
### Violation of The Florida Anti-Trust Act of 1980

36. Plaintiffs incorporate paragraph numbers 1-34 of this Complaint as if fully set forth herein.

37. Defendants are independent contractors and they control the manner, means, and details of their work.

38. Defendants have conspired, collaborated, and/or contracted with one another for the purpose of restraining trade by agreeing to set minimum tariffs to be paid to Defendants for jobs completed.

39. Defendants have conspired, collaborated, and/or contracted with one another for the purpose of restraining trade by agreeing to boycott Plaintiffs for failure to give in to Defendants' demands.

40. Defendants have conspired, collaborated, and/or contracted with one another for the purpose of restraining trade by threatening, harassing, and assaulting other independent owner-operators who desire to continue to do business with Plaintiffs.

41. Defendants and their allies and agents threats, harassment, and acts of violence have intimidated other independent owner-operators who want to work into not doing business with Plaintiffs.

42. Defendants have conspired, collaborated, and/or contracted with one another for the purpose of restraining trade by agreeing to boycott Plaintiffs' suppliers and customers to force them to stop providing materials or services to Plaintiffs.

43. Defendants have conspired, collaborated, and/or contracted with one another for the purpose of restraining trade by attempting to form a monopoly by collectively soliciting a single broker to agree to their demands. In exchange, Defendants would agree to collectively do business only with that broker and would encourage, harass, or threaten other independent owner-operators into not doing business with any other broker.

44. Defendants' actions are in violation of the Florida Antitrust Act of 1980, Fla. Stat. §§ 542.15-542.36.

45. Defendants' purpose is to restrain trade and curtail competition by illegally setting prices and boycotting businesses.

46. Plaintiffs have suffered and continue to suffer irreparable harm as a result of Defendants' illegal conduct.

47.     Wherefore, Plaintiffs request the Court enter judgment in their favor and award them treble damages, their reasonable costs and attorney's fees in defense of this action, and award permanent injunctive relief directing Defendants to immediately and permanently cease all activity in violation of the Florida Anti-Trust Act of 1980 as permitted by Fla. Stat. §§ 542.22-542.23. Additionally, Plaintiffs request the Court assess civil penalties against each Individual Defendant in an amount up to $100,000.00 per individual, and against each Association Defendant in an amount up to $1,000,000.00 per association as permitted by Fla. Stat. § 542.21(1).

Count III
Intentional Interference with Business Relationships

48.     Plaintiffs incorporate numbered paragraphs 1-34, 37-46 of this Complaint as if fully set forth herein.

49.     Plaintiffs have and maintain business relationships with various independent owner-operators, customers, and suppliers.

50.     Defendants are aware of the business relationships Plaintiffs have with other independent owner-operators, suppliers, and customers.

51.     Defendants and their allies and agents intentionally and unjustifiably interfered with Plaintiffs' business relationships through intimidation, threats, and acts of violence to force other independent owner-operators to stop performing their duties in accordance with these business relationships and to prevent Plaintiffs' customers and suppliers from conducting business with Plaintiffs.

52.     Plaintiffs have suffered and continue to suffer irreparable injury as a result of Defendants' conduct.

53. Wherefore, Plaintiffs respectfully request the Court enter judgment in Plaintiffs favor and award them their damages suffered as a result of Defendants' conduct, punitive damages, their reasonable costs incurred in defense of this action, and any additional legal or equitable relief deemed appropriate by the Court.

Demand for a Jury Trial

54. Plaintiffs request a trial by jury on all issues so triable.

Date: February 15, 2000

Respectfully submitted,

By: _____
Charles S. Caulkins
(Fla. Bar No. 0461946)
James C. Polkinghorn
(Fla. Bar. No. 0376892)
Edward H. Trent
(Fla. Bar No. 0957186)

FISHER & PHILLIPS LLP
NationsBank Tower
One Financial Plaza, Suite 2300
Fort Lauderdale, Florida 33394
Telephone:    (954) 525-4800
Facsimile:    (954) 525-8739

Attorneys for Plaintiffs.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

AUSTIN TUPLER TRUCKING, INC., et al

**DEFENDANTS**

00-6223 CIV - GOLD

SUPPORT TRUCKING GROUP, et al

MAGISTRATE JUDGE SIMONTON

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Broward__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Unknown__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Charles S. Caulkins, Esquire
Fisher & Phillips LLP
2300 NationsBank Tower  (954)525-4800
Fort Lauderdale, Florida 33394

ATTORNEYS (IF KNOWN) Richard Diaz, Hosey Hernandez, Cathleen Scott

CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | B☐ 630 Liquor Laws |  | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury – Product Liability | B☐ 640 R R & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA 1395ff | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS |  ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property |  | B☐ 550 Civil Rights |  |  |  |
|  |  | B☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. 1--7, 12--26. Defendants are engaging in illegal price fixing and boycotts.

LENGTH OF TRIAL
via 5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):  None
JUDGE _____  DOCKET NUMBER _____

DATE  02/14/00

SIGNATURE OF ATTORNEY OF RECORD  /s/

**FOR OFFICE USE ONLY**

RECEIPT 518,567  AMOUNT 150.00  APPLYING IFP __  JUDGE __  MAG JUDGE __