FILED BY _____ D.C.

00 FEB 24 PM 1:28

LAWRENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

AUSTIN TUPLER TRUCKING, INC., JUNER
HAULING CORPORATION, RETRANCA
EQUIPMENT & TRUCKING CORP., TRUCK
BROKERAGE BY NATIONAL, INC., and
EASTMAN AGGREGATES

        Plaintiffs,

vs.

SUPPORT DUMP TRUCKING GROUP, INC.,
JUAN ARAGONES, OSCAR DE LEON,
REYNALDO RODRIGUEZ, RAFAEL D.
JIMENEZ, NORVEL IGARZA, ALAYN
HERNANDEZ, EDUARDO RODRIGUEZ,
OSMELY JIMENEZ, OSCAR SUAREZ,
JULIO GOMEZ, RIGODERTO PUPO,
RENIER MARTINEZ, GIRALDO VICTORIA,
VICTOR MORALEZ, JOHN DOE 1 through 300,
OWNERS ASSOCIATION OF PALM BEACH
AND BROWARD COUNTY, CHARLES LUQUE,
JORGE VALIENTE, JOSE MATOS, ISAAC
TURGEMAN, ILCEANE SFORCA, OSSIE
FERNANDEZ, and DANIEL BALAZI

        Defendants.
_____/

CASE NO.: 00-6223-CIV-GOLD

Magistrate Judge: Simonton

**FIRST AMENDED COMPLAINT, REQUEST FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

Pursuant to Rule 15(a), Fed. R. Civ. P., Plaintiffs Austin Tupler Trucking, Inc., Juner Hauling Corporation, Retranca Equipment & Trucking Corporation, Truck Brokerage by National, Inc., and Eastman Aggregates (collectively, "Plaintiffs") file this First Amended Complaint, Request for

Injunctive Relief and Demand for Jury Trial. No responsive pleadings have been served in response to the original complaint.

1. Plaintiffs file this First Amended Complaint, Request for Injunctive Relief, and Demand for Jury Trial against Defendants as a result of their tortious and illegal conduct set forth herein, which has caused and continues to cause irreparable harm to Plaintiffs and their business relationships.

## The Parties

2. Plaintiff Austin Tupler Trucking, Inc., is a corporation incorporated under the laws of the State of Florida and has its principal place of business in Florida.

3. Plaintiff Eastman Aggregates, is a corporation incorporated under the laws of the State of Florida and has its principal place of business in Florida.

4. Plaintiff Juner Hauling Corporation, is a corporation incorporated under the laws of the State of Florida and has its principal place of business in Florida.

5. Plaintiff Retranca Equipment & Trucking Corp., is a corporation incorporated under the laws of the State of Florida and has its principal place of business in Florida.

6. Plaintiff Truck Brokerage by National, Inc., is a corporation incorporated under the laws of the State of Florida and has its principal place of business in Florida.

7. Plaintiffs are all engaged in the truck brokerage business. Plaintiffs contract with general construction contractors to provide truck services for construction project. Plaintiffs are contracted to provide materials used on the construction site, such as sand or lime rock. Plaintiffs them contract with independent truck owner-operators to haul the necessary materials. Plaintiffs purchase the materials from aggregate producers such as CSR Rinker, White Rock Quarry, or

Tarmac. The owner-operators pick up the materials from the aggregate pits and deliver them to the job site. The owner-operators are independent contractors and are paid by the load. Because Plaintiffs contract with many construction contractors, they are able to offer Defendants a variety of work opportunities on different construction projects at any given time which allows Defendants to work more often and be paid on a more consistent basis.

8. Defendants are independent truck owner-operators or associations of independent truck owner-operators.

9. Each Individual Defendant is an independent business person.

10. The Individual Defendants contract with Plaintiffs to haul various materials based on contracts entered into by Plaintiffs with third parties.

11. Defendants are residents of the State of Florida and they conduct business in South Florida, specifically in Dade, Broward, and Palm Beach counties.

12. The John Doe defendants are independent truck owner-operators participating in the illegal conduct set forth herein but have yet to be identified. Once these Defendants are identified, they will be substituted for the John Doe defendants.

13. Defendant Support Dump Trucking Group, Inc. is a non-profit corporation incorporated under the laws of the State of Florida with its principal place of business in Florida.

14. Defendant Owners Association of Palm Beach and Broward County is an unincorporated association of independent owner-operators who live and work in Palm Beach and Broward County.

15. Plaintiff's estimate there are as many as 300 John Doe defendants participating in the work stoppage and illegal boycotts

## Jurisdiction

16. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiffs' claims brought under the Sherman Anti-Trust Act, 15 U.S.C. § 1-7, and the Clayton Act, 15 U.S.C. § 12-26; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claims brought pursuant to the Florida Anti-Trust Act of 1980, Fla. Stat. §§ 542.15-542.36, and state law tort claims.

## Background Facts

17. On or about February 2, 2000, Defendants, in conspiracy with one another, initiated a work stoppage for all independent truck owner-operators in South Florida.

18. On or about February 2, 2000, Defendants, in conspiracy with one another, began protests along the sides of state and federal highways in Dade, Broward, and Palm Beach counties for the illegal purpose of forcing Plaintiffs to establish a uniform, minimum tariff that would be paid Defendants.

19. These roadside protests are in violation of Fla. Stat. § 337.406, but local law enforcement agencies have failed to enforce the law due to concerns over violence.

20. Individual Defendants are all independent contractors who own their own equipment and control the manner, means, and details of work that is performed pursuant to contracts with each Plaintiff.

21. Several Defendants and their allies and agents have stated publicly that the work stoppage is for the purpose of establishing a higher minimum tariff or price to be paid Defendants for services rendered pursuant to their independent contractor agreements with Plaintiffs.

22. Defendant Support Dump Trucking Group, Inc., by and through its officers, Defendants Juan Aragones, Oscar De Leon, Reynaldo Rodriguez, Rafael Jiminez, Norvel Igarza, Alayn Hernandez, and Eduardo Rodriguez, has published rate sheets which it demands that Plaintiffs and other brokers comply with in determining the price to be paid for Defendants' services.

23. Defendant Owners Association of Palm Beach and Broward County, by and through its directors, Defendants Charles Luque, Jorge Valiente, Jose Matos, Isaac Turgeman, and Ilceane Sforca and through their attorney Cathleen Scott, Esq., has demanded of Plaintiffs Eastman and Tupler, and other brokers, that they agree to a 30% increase over an unknown 1980 tariff rate, in addition to other conditions, before the Association or any of its members will agree to provide services to Plaintiffs.

24. As part of their coordinated work stoppage, Defendants have boycotted Plaintiffs, other businesses engaged in the same type of work as Plaintiffs, and Plaintiffs' suppliers and customers because Plaintiffs have not acquiesced to Defendants' demands.

25. As part of their conspiracy, and to increase the effectiveness of their work stoppage, several Defendants, including, but not limited to, Reynaldo Rodriguez, Osmely Jiminez, Oscar Suarez, Julio Gomez, and Rigoderto Pupo, and their allies and agents, have threatened, harassed, and assaulted other independent owner-operators who have contracts to provide services to Plaintiffs.

26. As a result of Defendants' threats, harassment, and acts of violence, and those of their allies and agents, other independent owner-operators who have contracts to provide services to Plaintiffs have stopped doing business with Plaintiffs.

27. Defendants have attempted to form a monopoly by collectively soliciting a single broker to agree to their demands. In exchange, Defendants would agree to collectively do business only with that broker and would pressure other owner-operators to not do business with any other broker, including Plaintiffs.

28. Defendants' actions are for the purpose of restraining trade by illegally setting prices.

29. Defendants' actions have had a profound impact on interstate commerce and competition.

30. Defendants' actions have caused and continue to cause irreparable harm to Plaintiffs and such harm will continue absent this Court granting the injunctive relief sought herein.

## Count I
### Violation of The Sherman Anti-Trust Act and The Clayton Act

31. Plaintiffs incorporate paragraph numbers 1-30 of this Complaint as if fully set forth herein.

32. Defendants are independent contractors and but for their illegal conspiracy would be in competition with one another.

33. Defendants have conspired, collaborated and/or contracted with each other to set minimum tariffs to be paid to Defendants for jobs completed.

34. Defendants have conspired, collaborated and/or contracted with each other to boycott Plaintiffs and other similar businesses for the purpose of effecting their plan to set prices and effect commerce.

35. Defendants' action are in violation of the Sherman Act, 15 U.S.C. §§ 1-7, and the Clayton Act, 15 U.S.C. §§ 12-26, and constitute a per se violation of these Acts.

36. Several Defendants and their allies and agents have threatened, harassed, and assaulted truck drivers, Plaintiffs' customers and suppliers, and other independent owner-operators who have chosen not to honor Defendants' work stoppage, including those who do business with Plaintiffs.

37. Defendants have also attempted to establish a monopoly in violation of the federal antitrust laws.

38. Plaintiffs have suffered and continue to suffer irreparable harm as a result of Defendants' illegal conduct.

39. Wherefore, Plaintiffs respectfully request the Court enter judgment in their favor and award Plaintiffs treble damages, costs, and attorney's fees incurred as a result of this action and permanent injunctive relief ordering Defendants to immediately and permanently cease all conduct violative of the Sherman Act and the Clayton Act. *See* 15 U.S.C. §§ 15, 26.

## Count II
### Violation of The Florida Anti-Trust Act of 1980

40. Plaintiffs incorporate paragraph numbers 1-38 of this Complaint as if fully set forth herein.

41. Defendants are independent contractors and they control the manner, means, and details of their work.

42. Defendants have conspired, collaborated, and/or contracted with one another for the purpose of restraining trade by agreeing to set minimum tariffs to be paid to Defendants for jobs completed.

43. Defendants have conspired, collaborated, and/or contracted with one another for the purpose of restraining trade by agreeing to boycott Plaintiffs for failure to give in to Defendants' demands.

44. Defendants have conspired, collaborated, and/or contracted with one another for the purpose of restraining trade by threatening, harassing, and assaulting other independent owner-operators who desire to continue to do business with Plaintiffs.

45. Defendants and their allies and agents threats, harassment, and acts of violence have intimidated other independent owner-operators who want to work into not doing business with Plaintiffs.

46. Defendants have conspired, collaborated, and/or contracted with one another for the purpose of restraining trade by agreeing to boycott Plaintiffs' suppliers and customers to force them to stop providing materials or services to Plaintiffs.

47. Defendants have conspired, collaborated, and/or contracted with one another for the purpose of restraining trade by attempting to form a monopoly by collectively soliciting a single broker to agree to their demands. In exchange, Defendants would agree to collectively do business only with that broker and would encourage, harass, or threaten other independent owner-operators into not doing business with any other broker.

48. Defendants' actions are in violation of the Florida Antitrust Act of 1980, Fla. Stat. §§ 542.15-542.36.

49. Defendants' purpose is to restrain trade and curtail competition by illegally setting prices and boycotting businesses.

50. Plaintiffs have suffered and continue to suffer irreparable harm as a result of Defendants' illegal conduct.

51. Wherefore, Plaintiffs request the Court enter judgment in their favor and award them treble damages, their reasonable costs and attorney's fees in defense of this action, and award permanent injunctive relief directing Defendants to immediately and permanently cease all activity in violation of the Florida Anti-Trust Act of 1980 as permitted by Fla. Stat. §§ 542.22-542.23. Additionally, Plaintiffs request the Court assess civil penalties against each Individual Defendant in an amount up to $100,000.00 per individual, and against each Association Defendant in an amount up to $1,000,000.00 per association as permitted by Fla. Stat. § 542.21(1).

## Count III
### Intentional Interference with Business Relationships

52. Plaintiffs incorporate numbered paragraphs 1-38, 41-50 of this Complaint as if fully set forth herein.

53. Plaintiffs have and maintain business relationships with various independent owner-operators, customers, and suppliers.

54. Defendants are aware of the business relationships Plaintiffs have with other independent owner-operators, suppliers, and customers.

55. Defendants and their allies and agents intentionally and unjustifiably interfered with Plaintiffs' business relationships through intimidation, threats, and acts of violence to force other independent owner-operators to stop performing their duties in accordance with these business relationships and to prevent Plaintiffs' customers and suppliers from conducting business with Plaintiffs.

56. Plaintiffs have suffered and continue to suffer irreparable injury as a result of Defendants' conduct.

57. Wherefore, Plaintiffs respectfully request the Court enter judgment in Plaintiffs favor and award them their damages suffered as a result of Defendants' conduct, punitive damages, their reasonable costs incurred in defense of this action, and any additional legal or equitable relief deemed appropriate by the Court.

### Demand for a Jury Trial

58. Plaintiffs request a trial by jury on all issues so triable.

Date: February 24, 2000

Respectfully submitted,

By: _____
Charles S. Caulkins
(Fla. Bar No. 0461946)
James C. Polkinghorn
(Fla. Bar. No. 0376892)
Edward H. Trent
(Fla. Bar No. 0957186)

FISHER & PHILLIPS LLP
NationsBank Tower
One Financial Plaza, Suite 2300
Fort Lauderdale, Florida 33394
Telephone: (954) 525-4800
Facsimile: (954) 525-8739

Attorneys for Plaintiffs.