NIGHT BOX
FILED

MAR 0 7 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NUMBER 00-6223-Civ-Gold/Simonton

AUSTIN TUPLER TRUCKING, INC.
et al.

    Plaintiff,

v.

SUPPORT TRUCKING GROUP,
et al.,

    Defendants.
_____/

DEFENDANTS, JOHN DOE ASSOCIATION A/K/A THE COMMISSION, N/K/A SUPPORT DUMP TRUCKING GROUP, INC., JUAN ARAGONES, OSCAR DE LEON, RAFAEL D. JIMENEZ, ALAYN HERNANDEZ, RENIER MARTINEZ, AND JOHN DOES NUMBER 1 - 900'S MOTION TO DISMISS FOR LACK OF VENUE PURSUANT TO RULE 12(b)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE

COME NOW, Defendants, John Doe Association, a/k/a The Commission n/k/a Support Dump Trucking Group, Inc., Juan Aragones, Oscar de Leon, Rafael D. Jimenez, Alayn Hernandez, Renier Martinez, ("Group 1 Defendants") and John Does Number 1-900[1] and file their Motion to Dismiss for Lack of Venue Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. In support thereof, they state as follows:

---

[1] We anticipate that once a full identification of the John Does is established, they will be formally named and served as parties to this action.



1

1. The Group 1 Defendants and John Does Number 1-900 hereby move to dismiss the complaint for lack of proper venue.

2. Most, if not all of the Group 1 Defendants and John Does Number 1-900 all reside in Miami-Dade County, Florida.

3. Most, if not all of the labor performed by the Group 1 Defendants and John Does Number 1-900 has been in Miami-Dade County, Florida.

4. Most, if not all of the payments made to the Group 1 Defendants and John Does Number 1-900 by the Plaintiffs were in Miami-Dade County, Florida.

5. Most, if not all of the witnesses to this action reside in Miami-Dade County, Florida.

6. The alleged illegal activity all occurred in Miami-Dade County, Florida.

## MEMORANDUM OF LAW

Venue is governed by Title 28 U.S.C. §1391. See, <u>Lisseveld v. Marcus</u>, 170 3rd FRD (MD Fla. 1997). See also, <u>Pesaplastic, C.A. v. Cincinnati Milacron Co.</u>, 750 F.2d 1516 (11th Cir. 1985). Here, although venue does exist in the Southern District of Florida and the complaint was brought in the correct district, it was filed in the wrong division.

## ARGUMENT

Administratively, the Clerk of the Southern District of Florida assigns a case to the division in which it is filed. However, that still creates a forum non-

1.  The Group 1 Defendants and John Does Number 1-900 hereby move to dismiss the complaint for lack of proper venue.

2.  Most, if not all of the Group 1 Defendants and John Does Number 1-900 all reside in Miami-Dade County, Florida.

3.  Most, if not all of the labor performed by the Group 1 Defendants and John Does Number 1-900 has been in Miami-Dade County, Florida.

4.  Most, if not all of the payments made to the Group 1 Defendants and John Does Number 1-900 by the Plaintiffs were in Miami-Dade County, Florida.

5.  Most, if not all of the witnesses to this action reside in Miami-Dade County, Florida.

6.  The alleged illegal activity all occurred in Miami-Dade County, Florida.

## MEMORANDUM OF LAW

Venue is governed by Title 28 U.S.C. §1391. See, Lisseveld v. Marcus, 170 3rd FRD (MD Fla. 1997). See also, Pesaplastic, C.A. v. Cincinnati Milacron Co., 750 F.2d 1516 (11th Cir. 1985). Here, although venue does exist in the Southern District of Florida and the complaint was brought in the correct district, it was filed in the wrong division.

## ARGUMENT

Administratively, the Clerk of the Southern District of Florida assigns a case to the division in which it is filed. However, that still creates a forum non-

2

convenience problem when, the most convenient forum is a different county within the same judicial district.

Here, it is clear that the most convenient county for this case to be litigated and tried is Miami-Dade County as evidenced by Paragraphs 1 through 6 above.

## CONCLUSION

For the foregoing reasons, this Honorable Court should dismiss this action for its improper venue or order transfer of this case to the Miami Division for reassignment through the Miami Clerk's Office.

Respectfully submitted,

Richard J. Diaz
F.B.N. 0767697
2701 S.W. 3rd Avenue
Miami, FL 33129
Telephone: (305) 285-1122
Facsimile: (305) 285-0354
e-mail: rick@rjdpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 6TH day of March, 2000 to Charles S. Caulkins, Esq., Fisher & Phillips LLP, 2300 NationsBank Tower, One Financial Plaza, Ft. Lauderdale, FL 33394 and Hosey Hernandez, Esq., 2701 S. Bayshore Drive, Suite 602, Coconut Grove, FL 33133.

_____
Richard J. Diaz, Esq.