**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

AUSTIN TUPLER TRUCKING, INC., et al

       Plaintiff,

vs.

SUPPORT TRUCKING GROUP, et al

       Defendants.
_____/

CASE NO: 00-6223-CIV-GOLD

Magistrate Judge: Simonton

**DEFENDANT TURGEMAN'S
ANSWER and
AFFIRMATIVE DEFENSES**

Defendant, ISAAC TURGEMAN, by and through his undersigned counsel, and pursuant to Federal Rules of Civil Procedure 7, files this Answer to Plaintiff's Complaint as follows:

1. Defendant denies the allegations contained in paragraph 1.

### THE PARTIES

2. Defendant is without knowledge as to the allegations contained in paragraph 2 and demands strict proof thereof.

3. Defendant is without knowledge as to the allegations contained in paragraph 3 and demands strict proof thereof.

4. Defendant is without knowledge as to the allegations contained in paragraph 4 and demands strict proof thereof.

5. Defendant is without knowledge as to the allegations contained in paragraph 5 and demands strict proof thereof.

6. Defendant is without knowledge as to the allegations contained in paragraph 6 and demands strict proof thereof.

7. Defendant is without knowledge as to the allegations contained in paragraph 7 and demands strict proof thereof.

8. Defendant admits he is an independent truck owner, but is without knowledge as to the remaining allegations contained in paragraph 8 and demands strict proof thereof.

9. Defendant admits he is an independent business person, but is without knowledge as to the remaining allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant admits he is a resident of the State of Florida, but is without knowledge as to the remaining allegations contained in paragraph 11.

12. Defendant is without knowledge as to the allegations contained in paragraph 12 and demands strict proof thereof.

13. Defendant is without knowledge as to the allegations contained in paragraph 13 and demands strict proof thereof.

## JURISDICTION

14. Defendant denies the allegations contained in paragraph 14.

## BACKGROUND OF FACTS

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant admits he owns his own equipment, but is without knowledge as to the remaining allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

## COUNT I
### VIOLATION OF THE SHERMAN ANTI-TRUST ACT AND THE CLAYTON ACT

27. Defendant incorporates his response to paragraph numbers 1 through 26 of this Answer as if fully set forth herein.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. WHEREFORE, Defendant, ISAAC TURGEMAN, having fully answered Count I of the Complaint, demands judgment in his favor and finding that said Defendant owes Plaintiff nothing and further demands all taxable costs and attorney fees.

## COUNT II
## VIOLATION OF THE FLORIDA ANTI-TRUST ACT OF 1980

36. Defendant incorporates paragraph numbers 1 through 34 of this Answer as if fully set forth herein.

37. Defendant admits he is an independent contractor, but is without knowledge as to the remaining allegations contained in paragraph 37 and demands strict proof thereof.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant denies the allegations contained in paragraph 46.

47. WHEREFORE, Defendant, ISAAC TURGEMAN, having fully answered Count II of the Complaint, demands judgment in his favor and finding that said Defendant owes Plaintiff nothing and further demands all taxable costs and attorney fees.

## COUNT III
### INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS

48. Defendant incorporates numbered paragraphs 1 through 34 and 37 through 46 of this Answer as if fully set forth herein.

49. Defendant is without knowledge as to the allegations contained in paragraph 49 and demands strict proof thereof.

50. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

53. WHEREFORE, Defendant, ISAAC TURGEMAN, having fully answered Count III of the Complaint, demands judgment in his favor and finding that said Defendant owes Plaintiff nothing and further demands all taxable costs and attorney fees.

54. Defendant, ISAAC TURGEMAN, requests trial by jury on all issues so triable.

55. Defendant, ISAAC TURGEMAN, has filed a Motion for Extension of Time in which to respond to Plaintiff's Complaint, but files this Answer in an abundance of caution and in the interest of justice and upon the Court's granting Defendant's Motion for an Extension of Time, requests this Answer be permitted to be amended.

## AFFIRMATIVE DEFENSES

56. As a First Affirmative Defense, this Defendant denies he or anyone for whom he could be held legally responsible was guilty for any action contributing to any loss, injury or damage to Plaintiff.

57. As a Second Affirmative Defense, this Defendant would state Plaintiff's damages occurred or were caused by actions and/or omissions of third persons and or persons or conditions beyond the control of this Defendant.

58. As a Third Affirmative Defense, this Defendant would state no interstate commerce has been affected or is involved in any actions or activity of this Defendant and, therefore, there can be no violation by this Defendant of either the Sherman or Clayton Act.

59. As a Fourth Affirmative Defense, this Defendant would state he did not interfere with Plaintiff's right to make or enforce any contractual relationships nor interfere with their execution and, therefore, Plaintiff cannot recover.

60. As a Fifth Affirmative Defense, this Defendant would state Plaintiff has failed to mitigate damages if in fact any damages are proven.

I HEREBY CERTIFY a true and correct copy of the foregoing was faxed to Mr. Edward H. Trent, Esq., Fisher & Phillips LLP, NationsBank Tower, One Financial Plaza, Suite 2300, Fort Lauderdale, Florida 33394, Facsimile Number 954-525-8739 on this 7th day of March, 2000.

Terry R. Swartz
Fl. Bar No: 114928
Sonneborn Rutter Cooney
Klingensmith & Eyler P.A.
1545 Centrepark Drive North
Post Office Box 024486
West Palm Beach, Florida 33402-4486
Telephone : (561) 684-2000
Facsimile:  (561) 684-2312
Attorneys for **Isaac Turgeman**