IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)



CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

| | |
|---|---|
| AUSTIN TUPLER, INC. et al., | CASE NO.: 00-6223 CIV Gold |
| Plaintiffs, | Magistrate Judge Simonton |
| vs. | |
| SUPPORT TRUCKING GROUP, et al, | |
| Defendants. | |

_____/

**DEFENDANTS' ANSWER TO
COUNT III OF PLAINTIFF'S COMPLAINT**

Defendants, Owners Association of Palm Beach and Broward County, Oscar Suarez, Victor Morales, Jose Matos, Ilceane Sforca, Jorge Valiente, Daniel Balazi, and Ossie Fernandez, by and through their undersigned counsel files this Answer to Count III of Plaintiff's Complaint. Currently filed herewith our Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment, supporting, Memorandum of Law, Concise Statement of Undisputed Material Facts, and supporting Affidavits and attachments.

52. Unable to admit or deny, the subject of Paragraphs 1-38, 41-50 are at issue before this Court in the Form of a Motion to Dismiss, or alternative Motion for Summary Judgment.

53. Admit.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Unable to admit or deny, Defendants do not object to the demand for a jury trial.

### First Affirmative Defense

The individual counts in Plaintiff's First Amended Complaint fail to allege sufficient ultimate facts upon which relief can be granted and must be dismissed.

### Second Affirmative Defense

Plaintiff has failed to mitigate its damages.

### Third Affirmative Defense

Plaintiff may not recover because any action by the Defendants were privileged in that the Defendants were third party beneficiary of the alleged contracts.

### Fourth Affirmative Defense

Plaintiff may not recover for damages on the basis of tortious interference in that Plaintiff has not suffered the requisite physical impact from which its alleged damages must flow in order to comply with the Florida Impact doctrine. Tanner v. Hartog, 696 So,2d 705 (Fla. 1997).

### Fifth Affirmative Defense

Plaintiff may not recover for damages on the basis of tortious interference in that there is no independent underlying tort to support the claim for negligence.

### Sixth Affirmative Defense

Plaintiff may not recover in that the allegations are barred by the economic loss rule.

///

///

**Seventh Affirmative Defense**

Plaintiff may not recover because it has unclean hands in that Plaintiff engaged in the same conduct that it now alleges the Defendant participated in and claims that conduct to be illegal. Furthermore, Plaintiff has brought this lawsuit, in part to intimidate and harass the Plaintiff to return to work.

**Eighth Affirmative Defense**

Defendant asserts as Eighth Affirmative Defense that Plaintiff's claims are frivolous both in factual and legal substance and Defendants are entitled to an award of attorneys fees and costs for the defense of this matter.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by Facsimile and U.S. mail to: **Edward Trent, Esq.**, Fisher & Phillips, LLP. 2300 Nationsbank Tower One Financial Plaza Fl. Lauderdale, Florida 33394-0005 (954/525-8739). on this 20 day of March, 2000.

> STROLLA & SCOTT, P.A.
> The Guaranty Building
> 120 South Olive Avenue Suite303
> West Palm Beach, FL 33401
> Phone: (561) 802-3132
> Fax: (561) 802-3121
>
> _____
> CATHLEEN SCOTT, ESQUIRE
> Florida Bar No.: 135331