UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6223-CIV-GOLD/Simonton

AUSTIN TUPLER TRUCKING, INC., JUNER
HAULING CORPORATION, RETRANCA
EQUIPMENT & TRUCKING CORP.,TRUCK
BROKERAGE BY NATIONAL, INC., and
EASTMAN AGGREGATES

       Plaintiffs,

vs.

SUPPORT DUMP TRUCKING GROUP, INC.,
JUAN ARAGONES, OSCAR DE LEON,
REYNALDO RODRIGUEZ, RAFAEL D.
JIMENEZ, NORVEL IGARZA, ALAYN
HERNANDEZ, EDUARDO RODRIGUEZ,
OSMELY JIMENEZ, OSCAR SUAREZ,
JULIO GOMEZ, RIGODERTO PUPO,
RENIER MARTINEZ, GIRALDO VICTORIA,
VICTOR MORALES, JOHN DOE 1 through 300,
OWNERS ASSOCIATION OF PALM BEACH
AND BROWARD COUNTY, CHARLES LUQUE,
JORGE VALIENTE, JOSE MATOS, ISAAC
TURGEMAN, ILCEANE SFORCA, OSSIE
FERNANDEZ, and DANIEL BALAZI

       Defendants.
_____/

**PLAINTIFFS' AUSTIN TUPLER TRUCKING, INC., ET. AL.'S MEMORANDUM IN RESPONSE TO DEFENDANTS SUPPORT DUMP TRUCKING GROUP, INC., JUAN ARAGONES, OSCAR DE LEON, RAFAEL D. JIMENEZ, ALAYN HERNANDEZ, RENIER MARTINEZ, AND JOHN DOES NUMBER 1-900'S MOTION TO DISMISS FOR LACK OF VENUE PURSUANT TO RULE 12(b)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Rule 7.1(C), S.D. Fla. L.R., Plaintiffs, Austin Tupler Trucking, Inc., Juner Hauling Corporation, Retranca Equipment & Trucking Corp., Truck Brokerage by National, Inc., and Eastman Aggregates (collectively "the Brokers"), file this Memorandum in Response to Defendants' Support Dump Trucking Group, Inc., et al's Motion to Dismiss for Lack of Venue. Because venue clearly lies in the Southern District of Florida, Defendants' Motion should be denied.

Venue is proper in the district where any defendant resides or where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). As set forth in the First Amended Complaint, the Individual Defendants reside in Dade, Broward, and Palm Beach Counties, all located in the Southern District of Florida. The Association Defendants, Support Dump Trucking Group, Inc. and Owners Association of Palm Beach and Broward County are associations with members who reside in Dade, Broward, and Palm Beach Counties, all located in the Southern District of Florida. A substantial part of the events giving rise to the claims set forth in the First Amended Complaint occurred in Dade, Broward, and Palm Beach Counties, all within the Southern District of Florida. Venue is clearly proper in the Southern District of Florida. 28 U.S.C. § 1391(b).

Defendants set forth an antiquated notion of *forum non conveniens*. Ever since Congress enacted 28 U.S.C. § 1404, dismissal of a case on *forum non conveniens* grounds is extremely rare. Congress enacted 28 U.S.C. § 1404, to avoid the harsh consequences of dismissal for an "inconvenient" forum and now provides for a transfer "for the convenience of parties and witnesses, [or] in the interest of justice." 28 U.S.C. § 1404; *American Aircraft Sales Inter'l Inc., v. Airwarsaw, Inc.*, 55 F. Supp. 2d 1347, 1350 (M.D. Fla. 1999); *U.S.F. & G. v. Republic Drug Co., Inc.*, 800 F. Supp. 1076, 1079 (E.D.N.Y. 1992).[1] The federal doctrine of *forum non conveniens* is now only applicable in situations where the alternative forum is abroad. *Amermed Corp. v. Disetronic Holding Ag.*, 6 F. Supp. 2d 1371, 1375 (N.D. Ga. 1998)(citing *American Dredging Co. v. Miller*, 510 U.S. 443 448 n. 2 (1994)). A case filed in the Fort Lauderdale division (or Broward County), in the

---

[1] Transfer of venue under 28 U.S.C. § 1404, anticipates transfer between two district courts, not simply divisions of the same court, and requires an extensive analysis on the convenience of the parties and witnesses which Defendants do not even attempt to undertake in their Motion. *U.S.F. & G.*, 800 F. Supp. at 1080.

Southern District of Florida, does not create a *forum non conveniens* for Defendants who happen to live in Dade County.[2]

While the Fort Lauderdale Division is clearly an appropriate venue for this case, the Court has already directed that all pleadings be filed with the Clerk of Court in Miami. Judge Gold, to whom this case has been assigned, resides in Dade County, and will presumably hold any proceedings in this case in Miami. Venue lies in the Southern District of Florida. Defendants admit as much in their Motion. Therefore, dismissal is not appropriate. 28 U.S.C. § 1391. Accordingly, the Brokers respectfully request the Court deny Defendants' Motion to Dismiss for Lack of Venue.

Respectfully submitted this 20th day of March, 2000.

By: _____

| | |
|---|---|
| FISHER & PHILLIPS LLP | Charles S. Caulkins |
| NationsBank Tower | (Fla. Bar No. 0461946) |
| One Financial Plaza, Suite 2300 | James C. Polkinghorn |
| Fort Lauderdale, Florida 33394 | (Fla. Bar. No. 0376892) |
| Telephone:  (954) 525-4800 | Edward H. Trent |
| Facsimile:  (954) 525-8739 | (Fla. Bar No. 0957186) |

Attorneys for Plaintiffs.

---

[2]Based on the memberships of Support Dump Trucking Group, Inc. and Owners Association of Palm Beach and Broward County, there are Defendants living in Dade, Broward, and Palm Beach counties. The Brokers are located in all three counties. Substantial events giving rise to the claims set forth in the First Amended Complaint occurred in all three counties. Broward County is the central location of all the events and all the parties. Just because Defendants Support Dump Trucking Group, Inc., Juan Aragones, Oscar de Leon, Rafael D. Jimenez, Alayn Hernandez, and Renier Martinez do not want the possibility of having to travel the short distance between Miami and Fort Lauderdale for any necessary court proceedings, does not mean venue is improper.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of PLAINTIFFS' AUSTIN TUPLER TRUCKING, INC., ET. AL.'S MEMORANDUM IN RESPONSE TO DEFENDANTS SUPPORT DUMP TRUCKING GROUP, INC., JUAN ARAGONES, OSCAR DE LEON, RAFAEL D. JIMENEZ, ALAYN HERNANDEZ, RENIER MARTINEZ, AND JOHN DOES NUMBER 1-900'S MOTION TO DISMISS FOR LACK OF VENUE PURSUANT TO RULE 12(b)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE was served by First Class United States mail this 20th day of March, 2000, upon the following:

Richard Diaz, Esq.
Richard A. Diaz, P.A.
2701 Southwest 3rd Avenue
Miami, Florida 33127-2335
Attorneys for Support Dump
Trucking Group, Inc., Juan Aragones,
Oscar De Leon, Rafael D. Jimenez,
Alayn Hernandez, Renier Martinez

Hosey Hernandez, Esq.
Hosey Hernandez, P.A.
Coconut Grove Bank Building
2701 South Bayshore Drive, Suite 602
Coconut Grove, Florida 33133
Attorneys for Support Dump
Trucking Group, Inc.

Cathleen A. Scott, Esq.
Strolla & Scott, P.A.
120 South Olive Avenue, Suite 303
West Palm Beach, Florida 33401-5532
Attorneys for the Owners Assoc. of
Palm Beach and Broward County,
Oscar Suarez, Victor Morales, Jose
Matos, Ilceane Sforca, Jorge Valiente,
Daniel Balazi and Ossie Fernandez

Angel Ruiz, Esq.
Gomez, Del Pino & Ruiz, P.A.
1835 West Flagler Street
Miami, Florida 33135
Attorneys for Julio Gomez

Terry R. Swartz, Esq.
Sonneborn Rutter Cooney
Klingensmith & Eyler, P.A.
1545 Centrepark Drive North
West Palm Beach, FL 33401
Attorneys for Isaac Turgeman

Individual Defendants:

Reynaldo Rodriguez
2769 West 71st Place
Hialeah, Florida 33016

Norvel Igarza
2990 West 9th Avenue
Hialeah, Florida 33012

Eduardo Rodriguez
575 West 16th Street
Hialeah, Florida 33010

Osmely Jimenez
2624 Riverside Drive
Coral Springs, Florida 33065

Rigoderto Pupo
1555 West 44th Place #338
Hialeah, Florida 33012

Charles Luque
4701 Lyons Road, #212
Coconut Creek, Florida 33073

_____
Attorney