UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AUSTIN TUPLER TRUCKING, INC., et al.,

        Plaintiff,

vs.                          CASE NO: 00-6223-CIV-GOLD/MONTON

SUPPORT TRUCKING GROUP, et al.,

        Defendant.
_____/

## DEFENDANT JULIO GOMEZ ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, JULIO GOMEZ, by and through his undersigned counsel, and pursuant to Federal Rules of Civil Procedure 7, files this Answer to Plaintiff's Complaint as follows:

1. Defendant denies the allegations contained in paragraph 1.

2. Defendant is without knowledge as to the allegations contained in paragraph 2 and demands strict proof thereof.

3. Defendant is without knowledge as to the allegations contained in paragraph 3 and demands strict proof thereof.

4. Defendant is without knowledge as to the allegations contained in paragraph 4 and demands strict proof thereof.

5. Defendant is without knowledge as to the allegations contained in paragraph 5 and demands strict proof thereof.

6. Defendant is without knowledge as to the allegations contained in paragraph 6 and demands strict proof thereof.

7. Defendant is without knowledge as to the allegations contained in paragraph 7 and demands strict proof thereof.

8. Defendant admits he is an independent truck owner, but is without knowledge as to the remaining allegations contained in paragraph 8 and demands strict proof thereof.

9. Defendant admits he is an independent businessperson, but is without knowledge as to the remaining allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant admits he is a resident of the State of Florida, but is without knowledge as to the remaining allegations contained in paragraph 11.

12. Defendant is without knowledge as to the allegations contained in paragraph 12 and demands strict proof thereof.

13. Defendant is without knowledge as to the allegations contained in paragraph 13 and demands strict proof thereof.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant admits he is an independent contractor who owns his own equipment, but denies the remaining allegations in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

## COUNT I
### VIOLATION OF THE ANTI-TRUST ACT AND THE CLAYTON ACT

31. Defendant incorporates his response to paragraph numbers 1 through 30 of this Answer as if fully set forth herein further denies allegation number 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. WHEREFORE, Defendant, JULIO GOMEZ, having fully answered Count I of Plaintiff's First Amended Complaint, demands judgment in his favor and demands costs and attorney fees in having to defend this cause of action.

## COUNT II
### VIOLATION OF THE FLORIDA ANTI-TRUST ACT OF 1980

40. Defendant incorporates paragraph numbers 1 through 39 of this Answer as if fully set forth herein and further denies allegation number 40.

41. Defendant admits he is an independent contractor, but is without knowledge as to

the remaining allegations contained in paragraph 41 and demands strict proof thereof.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant denies the allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49.

50. Defendant denies the allegations contained in paragraph 50.

51. WHEREFORE, Defendant, JULIO GOMEZ, having fully answered Count II of Plaintiff's First Amended Complaint, demands judgment in his favor and demands all costs and attorney fees incurred in having to defend this cause of action.

## COUNT III
### INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS

52. Defendant incorporates paragraphs 1 through 51 of this Answer as if fully set forth herein further denies allegation number 52.

53. Defendant is without knowledge as to the allegations contained in paragraph 53 and demands strict proof thereof.

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

56. Defendant denies the allegations contained in paragraph 56.

57. WHEREFORE, Defendant, JULIO GOMEZ, having fully answered Count III of

Plaintiff's First Amended Complaint, demands judgment in his favor and demands all taxable costs and attorney fees.

58.     Defendant, JULIO GOMEZ, requests trial by jury on all issues so triable.

## AFFIRMATVE DEFENSES

59.     As a First Affirmative Defense, Defendant, JULIO GOMEZ, denies he or anyone for whom he could be held legally responsible was guilty for any action contributing to any loss; injury or damage to Plaintiff.

60.     As a Second Affirmative Defense, Defendant, JULIO GOMEZ, states Plaintiff's alleged damages occurred or were caused by actions and/or omissions of third persons and or persons or conditions beyond the control of this Defendant.

61.     As a Third Affirmative Defense, Defendant, JULIO GOMEZ, states no interstate commerce has been affected or is involved in any actions or activity of this Defendant and, therefore, there can be no violation by this Defendant of either the Sherman or Clayton Act.

62.     As a Fourth Affirmative Defense, this Defendant states he did not interfere with Plaintiff's right to make or enforce any contractual relationships nor interfere with their execution and, therefore, Plaintiff must be denied any type of recovery.

63.     As a Fifth Affirmative Defense, Defendant, JULIO GOMEZ, states Plaintiff has failed to mitigate damages if in fact any damages are proven.

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer to Plaintiff's First Amended Complaint and Affirmative Defenses was filed with the Clerk of the Court and mailed to; Edward H. Trent, at Fisher & Phillips, LLP, Nations Bank Tower, One Financial Plaza, Suite 2300, Fort Lauderdale, Florida 33394, on this 13th day of April, 2000.

LAW OFFICES OF MANUEL F. FENTE, P.A.
Attorneys for Defendant Julio Gomez
1110 Brickell Avenue
Seventh Floor
Miami, Florida 33131

Phone: (305) 372-1350
Fax: (305) 373-5111

_____
RAUL FLORES, ESQ.
FLORIDA BAR NO. 0085080