IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)



| | |
|---|---|
| AUSTIN TUPLER, INC. et al., | **CASE NO.: 00-6223 CIV Gold** |
| Plaintiffs, | Magistrate Judge Simonton |
| vs. | |
| SUPPORT TRUCKING GROUP, et al, | |
| Defendants. | |
| _____/ | |

## MOTION TO STRIKE
## UNTIMELY STATEMENT OF DISPUTED FACTS

Defendants, by and through their undersigned counsel, pursuant to Federal Rules of Civil Procedure, hereby move the Court to Strike Plaintiff's Statement of Disputed Facts and as grounds therefore states as follows:

1. On or about March 20, 2000, Defendants served a Motion to Dismiss or alternative Motion for Summary Judgment.

2. Pursuant to the Federal and Local Rules governing procedure, Plaintiff's Opposition together with its Statement of Undisputed Facts was due on April 3, 2000.

3. Plaintiff served its Statement of Material Facts in Opposition to Defendants' Statement of Undisputed Facts on or about April 13, 2000, ten (10) days late. **(See Statement of Disputed Facts attached hereto as Exhibit "A" ).**

4. At no time did Plaintiff request an extension of time or provide good cause as to the lateness.

NON-COMPLIANCE OF S.D. Fla. L.R. 7.1 A.M.

WHEREFORE, Defendants, by and through their undersigned counsel, respectfully request that this Court to Strike Plaintiff's Statement of Disputed Facts as Untimely.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail to: **Edward Trent, Esq.**, Fisher & Phillips, LLP. 2300 Nationsbank Tower One Financial Plaza Fl. Lauderdale, Florida 33394-0005, Richard Diaz, Esquire, 2701 Southwest 3rd Avenue, Miami, Fl 33127-2335, Hosey Hernandez, Esquire, Coconut Grove Bank Building, 2701 South Bayshore Drive, Suite 602, Coconut Grove, FL 33133, Angel Ruiz, Esquire, Gomez, Del Pino & Ruiz, P.A., 1835 West Flagler Street, Miami, FL 33135, and Terry Schwartz, Esquire, Sonneborn Rutter Cooney, et al., 1545 Centrepark Drive North, West Palm Beach, FL 33401 on this 17th day of April, 2000.

STROLLA & SCOTT, P.A.
The Comeau Building
319 Clematis Street Suite 801
West Palm Beach, Florida 33401
Telephone 561-802-3132
Facsimile 561-802-3121

_____
CATHLEEN SCOTT, ESQUIRE
Florida Bar No.: 135331

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6223-CIV-GOLD/Simonton

AUSTIN TUPLER TRUCKING, INC., JUNER
HAULING CORPORATION, RETRANCA
EQUIPMENT & TRUCKING CORP.,TRUCK
BROKERAGE BY NATIONAL, INC., and
EASTMAN AGGREGATES

   Plaintiffs,

vs.

SUPPORT DUMP TRUCKING GROUP, INC.,
JUAN ARAGONES, OSCAR DE LEON,
REYNALDO RODRIGUEZ, RAFAEL D.
JIMENEZ, NORVEL IGARZA, ALAYN
HERNANDEZ, EDUARDO RODRIGUEZ,
OSMELY JIMENEZ, OSCAR SUAREZ,
JULIO GOMEZ, RIGODERTO PUPO,
RENIER MARTINEZ, GIRALDO VICTORIA,
VICTOR MORALES, JOHN DOE 1 through 300,
OWNERS ASSOCIATION OF PALM BEACH
AND BROWARD COUNTY, CHARLES LUQUE,
JORGE VALIENTE, JOSE MATOS, ISAAC
TURGEMAN, ILCEANE SFORCA, OSSIE
FERNANDEZ, and DANIEL BALAZI

**PLAINTIFFS' AUSTIN TUPLER TRUCKING, INC., ET. AL.'S STATEMENT OF MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF SUMMARY JUDGMENT**

   Defendants.
_____/

  Pursuant to Rule 7.5, S.D. Fla. L.R., Plaintiffs, Austin Tupler Trucking, Inc. et. al., ("Plaintiffs") files this Statement of Material Facts in Opposition to Defendants' Statement of Undisputed Facts in Support of Summary Judgment. Defendants' Statement of Undisputed Facts

EXHIBIT A

in Support of Summary Judgment includes seven alleged undisputed facts. Plaintiffs, as set forth more fully in their Memorandum of Law in Opposition to Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment, deny each of Defendants' statements of fact and state:

1. Plaintiffs deny, "Truckers were not under contractual obligation to haul for the brokers at the time they refused to accept future job assignments." As set forth in the affidavits of Austin Tupler and Bernie Eastman, Exhibits 21 and 22, respectively, to Plaintiffs' Motion for Preliminary Injunction, some of the individual Defendants signed independent contractor agreements with the Plaintiffs. Other Defendants were acting in concert with those Defendants who had signed independent-contractor agreements with Plaintiffs. Additionally, whether the Defendants were under specific contractual obligations to haul any particular material on any particular day is irrelevant in determining whether their actions constitute a violation of the antitrust laws.

2. Plaintiffs deny, "The brokers subject of this lawsuit commonly used the 1980 rate sheet to bid jobs and determine the rates at which to pay brokers." As set forth in affidavits of Austin Tupler and Bernie Eastman, Exhibits 21 and 22, respectively, to Plaintiffs' Motion for Preliminary Injunction, Plaintiffs do not use any rate sheet as a guide, or otherwise, to bid jobs or determine the rates they pay independent owner-operators. As set forth in these affidavits, Plaintiffs bid specific jobs based on a number of factors, none of which are based upon any set rate sheet.

3. Plaintiffs deny, "The rates sheet utilized, was a commonly used form in the industry and is used as a guide to quote jobs." As set forth in the previous paragraph and in the affidavits of Austin Tupler and Bernie Eastman, Exhibits 21 and 22, respectively, to Plaintiff's Motion for Preliminary Injunction, none of the Plaintiffs utilize a rate sheet as a guide to quote jobs.

4.     Plaintiffs deny, "The truckers did not engage in price fixing and merely propose changes in the method brokers quoted their jobs." As set forth in the materials attached to Plaintiffs' Motion for Preliminary Injunction and as set forth more fully in Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment, Defendants' activities such as engaging in a mass work stoppage, boycotting Plaintiffs' businesses, boycotting Plaintiffs' customers and suppliers, blockading the entrances to these businesses, and threatening other independent owner-operators who desired to work for the Plaintiffs during the Defendants' illegal work stoppage were for the purpose of fixing prices and forcing Plaintiffs to pay higher rates to the Defendants. This constitutes illegal price fixing.

5.     Plaintiffs deny, "The purpose for forming the Association was for legal representation." While Defendants may have gathered in part for legal representation, information attached to Plaintiffs' Motion for Preliminary Injunction and as set forth more fully in Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment, reflects that the primary purpose of Defendants forming an association was to force Plaintiffs to pay higher rates to Defendants in violation of federal and state antitrust laws.

6.     Defendants deny, "The truckers had no improper motive to establish a monopoly in the forming of the organization." During the course of discovery, which has yet to begin in this case, Plaintiffs will be able to establish Defendants collectively approached a single broker for the purpose of establishing a monopoly as alleged in the Amended Complaint. Offering a single broker the proposition that if the broker would acquiesce to Defendants' price demands then Defendants would agree to only provide dump trucking services to that single broker to the exclusion of all other brokers, including Plaintiffs, is an attempt to establish a monopoly.

7.  To the best of Plaintiffs' knowledge the individual Defendants are currently working. However, this fact is irrelevant to the validity of Plaintiffs' claims as set forth in the Amended Complaint.

Respectfully submitted this 13th day of April, 2000.

By: _____

| | |
|---|---|
| FISHER & PHILLIPS LLP | Charles S. Caulkins |
| NationsBank Tower | (Fla. Bar No. 0461946) |
| One Financial Plaza, Suite 2300 | James C. Polkinghorn |
| Fort Lauderdale, Florida 33394 | (Fla. Bar. No. 0376892) |
| Telephone: (954) 525-4800 | Edward H. Trent |
| Facsimile: (954) 525-8739 | (Fla. Bar No. 0957186) |
| | Attorneys for Plaintiffs. |

4

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of PLAINTIFFS' AUSTIN TUPLER TRUCKING, INC., ET. AL.'S STATEMENT OF MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF SUMMARY JUDGMENT was served by First Class United States mail this 13th day of April, 2000, upon the following:

Richard Diaz, Esq.
Richard A. Diaz, P.A.
2701 Southwest 3rd Avenue
Miami, Florida 33127-2335
Attorneys for Support Dump
Trucking Group, Inc., Juan Aragones,
Oscar De Leon, Rafael D. Jimenez,
Alayn Hernandez, and Renier Martinez

Hosey Hernandez, Esq.
Hosey Hernandez, P.A.
Coconut Grove Bank Building
2701 South Bayshore Drive, Suite 602
Coconut Grove, Florida 33133
Attorneys for Support Dump Trucking Group, Inc.

Cathleen A. Scott, Esq.
Strolla & Scott, P.A.
The Comeau Building
319 Clematis Street, Suite 801
West Palm Beach, Florida 33401
Attorneys for the Owners Assoc. of
Palm Beach and Broward County,
Oscar Suarez, Victor Morales, Jose
Matos, Ilceane Sforca, Jorge Valiente,
Daniel Balazi and Ossie Fernandez

Angel Ruiz, Esq.
Gomez, Del Pino & Ruiz, P.A.
1835 West Flagler Street
Miami, Florida 33135
Attorneys for Julio Gomez

Terry R. Swartz, Esq.
Sonneborn Rutter Cooney
Klingensmith & Eyler, P.A.
1545 Centrepark Drive North
West Palm Beach, Florida 33401
Attorneys for Isaac Turgeman

Individual Defendants:

Reynaldo Rodriguez
2769 West 71st Place
Hialeah, Florida 33016

Norvel Igarza
2990 West 9th Avenue
Hialeah, Florida 33012

Eduardo Rodriguez
575 West 16th Street
Hialeah, Florida 33010

Osmely Jimenez
2624 Riverside Drive
Coral Springs, Florida 33065

Rigoderto Pupo
1555 West 44th Place #338
Hialeah, Florida 33012

Charles Luque
4701 Lyons Road, #212
Coconut Creek, Florida 33073

_____
Attorney