IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

AUSTIN TUPLER, INC. et al.,
          Plaintiffs,
vs.

CASE NO.: 00-6223 CIV Gold
**Magistrate Judge Simonton**

SUPPORT TRUCKING GROUP, et al,

          Defendants.
_____/

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Defendants, by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure, Rule 65 and the Local Rules, hereby provide the Court with its Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction.

Defendants respectfully request that this Court deny the Plaintiffs' request for a preliminary inunction on the grounds as summarized. (1) Defendants incorrectly seek equitable relief from this court after affirmatively representing in their other pleadings that damages are certain and ascertainable. It is a fundamental principle of equitable relief that where damages or other remedies at law are available, equitable relief is not essential. (2) As set forth more clearly in Defendants' Motion to Dismiss and Alternative Motion for Summary Judgment, Plaintiffs are unable to establish a violation of the federal or state antitrust laws. In the absence of such a violation, Plaintiffs must prove the presence of immediate and irreparable harm. Since all individual Defendants are currently working, there is no immediate harm to Plaintiffs. (3) Alternatively, Defendants contend that even if Defendants are found to be in violation, Plaintiffs must then

establish, from specific facts, the likelihood of future violations to be entitled to an injunction. Since all the Defendants are currently accepting new work assignments without incident, the Plaintiffs cannot establish the required showing. Thus, Plaintiffs' Motion essentially requests this Court to enjoin the Defendants *suspected, future* conduct. Where no violation exists, no irreparable injury or likelihood of future violations can be shown, the Motion should be denied. (4) Moreover, if Plaintiffs were entitled to an injunction where the balance of the equities tip in favor of the Defendants, the purpose of antitrust injunctive relief would be frustrated.

I.   **The Court Has Broad Discretion And May Consider General Equitable Principles When Determining Whether To Enjoin A Litigant**

Since there is nothing exceptional by reason of the presence of antitrust elements, the normal principles of equity are applicable in determining whether to issue preliminary injunction in an action under the antitrust statutes. *See generally,* Kay Instrument Sales Co. v. Haldex Aktiebolag, 296 F.Supp. 578 (S.D.N.Y.1968).

Furthermore, the Court has broad discretion in determining whether injunctive relief should be granted. SCFC ILC, Inc. v. Visa U.S.A., Inc., 1992 WL 439733 (D.Utah 1992). Generally, **both an inadequate remedy at law as well as an irreparable injury should exist before the court grants injunctive relief**. Beacon Theatres, Inc. v. Westover [1959 TRADE CASES ¶ 69,360], 79 S.Ct. 948, 954 (1959).

In SCFC, the third party Plaintiff, Sears, sought an injunction against Visa U.S.A. requiring, essentially, that Visa restrain from any future anti-trust violations. The request for equitable relief by Sears followed a full blown antitrust trial on the merits which ended in a favorable verdict for Sears. After a Hearing on Sear's post-trial Motion for

Injunction, the court denied the request and held that, "to grant the equitable relief requested, Sears has **the burden of showing that an injunction is necessary, fair and workable.**" [Emphasis Added]. citing: Lemon v. Kurtzman, 411 U.S. 192, 200 (1973).

After weighing each of the elements in an effort to balance the equities, the court found that the balance tipped in favor of Visa, and thereby denied the requested relief. The court reasoned that an injunction was not necessary since Sears made no showing of irreparable injury. Rather, the court concluded that monetary damages constituted an adequate remedy at law for any additional injury which Sears may suffer in the future. SCFC at 1192 WL 439733, Page 2.

The court's rational provided that the jury's verdict in favor of Sears was sufficient, and that any future violations would result in additional monetary damages for Sears and thus found their interests adequately protected. See generally, Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc. [1982-1 TRADE CASES ¶ 64,507], 669 F.2d 490, 494 (7th Cir.1982).

The decision in the SCFC case demonstrates that even in antitrust situations, the court's must look towards the movant's ability to demonstrate irreparable injury and be able to satisfy the requirement that the public interest would "be adequately protected from any realistic threat of future injury." United States v. Realty Multi-List, Inc. [1980-1 TRADE CASES ¶ 63,624], 629 F.2d 1351, 1388 (5th Cir.1980).[1] Also, the SCFC opinion solidifies the concept that where there are adequate remedies available

---

[1] Citing: United States v. Glaxo Group, Ltd. [1973-1 TRADE CASES ¶ 74,323], 410 U.S. 52 (1973); United States v. Parke, Davis & Co. [1960 TRADE CASES ¶ 69,611], 362 U.S. 29 (1960).

*Opposition to Motion for Injunction Page -3-*

at law (i.e. damages) the Plaintiff should not look to the court's equitable powers. Here, as indicated in more detail below, Plaintiffs have attempted to overlook the requirement of proving the likelihood of establishing irreparable injury or harm. Plaintiffs have also requested equitable relief despite repetitive allegations in their pleadings that damages are ascertainable.

### A. Where Plaintiffs Have An Adequate Remedy At Law, There Is No Necessity For An Injunction.

In Plaintiffs' Opposition to Defendants Motion to Dismiss, Alternative Motion for Summary Judgment, Plaintiffs have alleged:

As set forth in the Amended Complaint, Plaintiffs' damages include lost revenues and profits during the illegal work stoppage, additional losses for having to pay higher rates on current contracts in order to obtain Defendants' services, future lost profits, and additional costs for on-site security, legal costs, and attorneys' fees. The amount of lost profits Plaintiffs' suffered during Defendants' illegal work stoppage is **clearly identifiable and calculable.**" Page 6-7 Plaintiffs' Opposition to Motion to Dismiss, Alternative Motion for Summary Judgment.

Similarly, Plaintiffs have alleged that "loss of future profits is also calculable and recoverable as damages." Plaintiffs' Opposition to Motion to Dismiss, Alternative Motion for Summary Judgment, Page 7.

It is a founding principle of equity that where damages are clearly calculable their is no necessity for an injunction. Based on this principle, the District Court has denied the issuance of an injunction where there was adequate remedies available at law. Q-T

Markets, Inc. v. Fleming Companies, Inc., 394 F.Supp. 1102 (D.C.Colo.1975).

In Q-T Markets, a food retailer brought an action against a food wholesaler asserting violations of federal and Colorado antitrust laws. The Colorado District Court, held that where the food retailer would have an adequate remedy in the recovery of treble damages, the collection of the debts could not be enjoined. Id.

In a similar case, the Court of Appeals, held that District Court **abused its discretion** in granting a preliminary injunction in an antitrust case where the Plaintiff had a sufficient remedy in damages. Dos Santos v. Columbus-Cuneo-Cabrini Medical Center, 684 F.2d 1346 (7th Cir 1982). [Emphasis Added].

In that case, an anesthesiologist brought an action against a hospital challenging, under antitrust laws, the exclusive dealing contract for provision of anesthesia services at the hospital. In overturning the district court's issuance of a preliminary injunction against enforcement of exclusive contract, the court found that, although the anesthesiologist was denied access to the hospital after she had been summarily terminated, the anesthesiologist had an adequate remedy at law for any temporary loss of income and any injury to her professional representation. In so holding, the Court found that the losses arose not because of operation of the hospital's exclusive contract, but because of termination decision. In addition, the appellate court overturned the injunction finding that the injunction imposed a substantial hardship on the Defendant and that the anesthesiologist failed to show absence of adverse impact on public interest. In support of its findings and holdings, the court relied and cited to the Sherman Anti-Trust Act, §§ 1, 2, 15 U.S.C.A. §§ 1, 2.

The Dos Santos case is analogous to the facts at bar. Here, Defendants reject the argument by Plaintiffs that they engaged in any antitrust activities. Said argument is rejected primarily because Defendants were under no existing contract to perform work for TUPLER. This fact remains undisputed since TUPLER is unable to produce a single contract in force during the temporary work stoppage. Also, The Defendants proposed *revisions* to the method by which jobs were accepted and bid by TUPLER based on *an already in existence* rate sheet. It has been argued at length that such rate sheets which are commonly used by the industry, do not, because they cannot, constitute a antitrust violation. Therefore, any alleged harm suffered by the Plaintiffs due to their failure to accept new job, was not caused by Defendants' antitrust activities but rather by their free ability, as independent contractors, to chose which contracts to enter into. Moreover, the harm, if any, suffered by Plaintiffs according to their own pleadings is **"clearly identifiable and calculable,"** thereby removing any necessity of an injunction.

### B.   Plaintiffs Are Unable To Establish A Likelihood of Ultimate Success Where Unable To State A Cause Of Action

Plaintiff who seeks preliminary injunction must show that defendant's price cut is directed toward destruction of competition and monopolization of interstate commerce. B & W Gas, Inc. v. General Gas Corp., N.D.Ga.1965, 247 F.Supp. 339.

This ultimate burden of proof is important at the preliminary injunction stage since in order to restrain acts claimed to be in violation of antitrust statute, Plaintiffs must allege facts as to which there is no serious dispute and facts that demonstrate **a**

**reasonable likelihood of success**.[2] N. W. Controls, Inc. v. Outboard Marine Corp., 317 F.Supp. 698 (D. Delaware 1970);Dalmo Sales Co. v. Tysons Corner Regional Shopping Center, D.C.D.C.1970, 308 F.Supp. 988.[3] [Showing of substantial likelihood or of reasonable probability that plaintiffs will prevail at trial is **requisite to issuance of preliminary injunction in civil antitrust actions**]; Teleflex Indus. Products, Inc. v. Brunswick Corp., 293 F.Supp. 106 (E.D.Pa.1968).[4] [5]

As indicated, where Plaintiffs have failed to state a cause of action for an antitrust violation, there is no substantial likelihood of success on the merits.

///

///

---

[2]Prior to issuance of a preliminary injunction, there should be no **dispute as to pertinent questions of law and fact**. Martin v. National League Baseball Club, C.A.2 (N.Y.) 1949, 174 F.2d 917. [In action under this section plaintiff's motion for injunction pendente lite was properly denied on ground that plaintiff's rights dependent upon disputed questions of law and fact]; Knudsen Corp. v. Ever-Fresh Foods, Inc., 336 F.Supp. 241 (Cal.1971) [Case wherein corporation and its subsidiary, which was engaged in purchasing delicatessen products and distributing them to grocery chains and other buyers under subsidiary's label, alleged that defendants, including competitor of subsidiary, had engaged in course of competitive business conduct which was unfair and in restraint of trade presented material disputed issues of fact casting reasonable doubt on certainty of plaintiff's prevailing at trial on merits, and thus issuance of preliminary injunction for plaintiffs was precluded if there are complex issues of law and fact in civil antitrust case, resolution of which is not free from doubt, preliminary injunction should not issue.]

[3] affirmed 429 F.2d 206, 139 U.S.App.D.C. 22.

[4]vacated on other grounds 410 F.2d 380.

[5]*See generally,* Instant Delivery Corp. v. City Stores Co. 284 F.Supp. 941 (E.D.Pa.1968) [In order to be entitled to a preliminary injunction, a plaintiff must show a likelihood that it will prevail at trial. Preliminary injunction may issue to prevent violations of antitrust laws, but to be entitled to such relief plaintiff must satisfy court that conduct sought to be enjoined violates antitrust laws, that there is substantial likelihood that plaintiff will prevail at ultimate trial on charges of antitrust violations, and that it will suffer irreparable harm if injunction pendente lite is denied. On application for a preliminary injunction in an action under the antitrust laws, court must be satisfied that plaintiffs have a reasonable chance of proving violations of the antitrust laws, and that plaintiffs will suffer irreparable damages if the preliminary injunction is not granted.]

### III. Where There Is No Statutory Violation, Plaintiffs Must Establish Immediate Or Irreparable Harm

The Plaintiffs assert that they are not required to show irreparable harm in this case because injunctive relief is being sought pursuant to a statutory provision. In such actions, "where the plaintiff seeks an injunction to prevent the violation of a federal statute that specifically provides for injunctive relief, it need not show irreparable harm." citing Illinois Bell Tel. Co. v. Illinois Commerce Comm'n, 740 F.2d 566, 571 (7th Cir.1984).[6]

Defendants do not disagree that where Congress has seen fit to act in a given area by enacting a statute, irreparable injury must be presumed in a statutory enforcement action. United States v. Odessa Union Warehouse Co-op., 833 F.2d 172, 176 (9th Cir.1987).

Notwithstanding, the Court may only presume irreparable harm, once a violation of the act or regulation is shown. Then, **after** such a showing, the moving party is required to show that there is some reasonable likelihood of future violations. Commodity Futures Trading Comm'n v. Hunt, 591 F.2d 1211, 1220 (7th Cir.1979).

In Commodity, the court noted that "when Congress has integrated traditional modes of equitable relief into a statutory enforcement scheme, the court's equitable power should be exercised in harmony with the overall objectives of the legislation." Id. at 1219. Citing: SEC v. Advance Growth Capital Corp., 470 F.2d 40, 53 (7th Cir.1972).

---

[6]In addition to citing Illinois Bell Telephone v. Illinois Commerce Commission, the Plaintiffs, in support of thier argument also rely upon South Central Bell Telephone Co. v. Louisiana Public Service Commission, 744 F.2d 1107 (5th Cir.1984). This decision was vacated and remanded on other grounds, --- U.S. ---, 106 S.Ct. 2884, 90 L.Ed.2d 972, and distinguished by ----------------------

*Opposition to Motion for Injunction Page -8-*

Here there is no statutory violation. Plaintiffs argue that they are entitled to injunctive relief where injunctive relief is provided for as a remedy under the Sherman Anti Trust Act. As set forth more fully in Defendants Motion to Dismiss, Alternative Motion for Summary Judgment, the Plaintiffs are unable to state a cause of action for a violation of the antitrust statutes.

Defendants Motion is premised on a number of arguments: (1) that Plaintiffs are unable to demonstrate the threshold issue of standing, in that Plaintiffs cannot allege sufficient facts that they sustained an "antitrust injury," that is, an injury of the type the antitrust laws were intended to prevent and that flows from that which makes the Defendants' alleged acts unlawful; (2) Plaintiffs are unable to sustain facts under the tremendous burden that somehow Defendants' activities had the anticompetitive effect of stifling competition or having an overall effect on the market. (3) Plaintiffs are unable to met the perquisite of pleading and proving specific damages, a fatal omission.(4) Plaintiffs are complaining of alleged antitrust activity which is immune from liability in that creation or amendment of general industry guidelines is no violative conduct. (5) Plaintiffs' attempt to enjoin their behavior in the future has the unconstitutional effect of denying Defendants' First Amendment Right to Assembly. (6) Finally, Defendants argue that since Defendants conduct has ceased, the entire case is moot. Plaintiffs' burden is compounded by the undisputed fact that the stoppage was temporary, and that other individual truckers continued to work for the Plaintiff during the work stoppage thereby eliminating any harm that Plaintiff may have suffered.

As a result of the arguments presented in Defendants Motion, the Plaintiffs' are unable to sustain a cause of action for an antitrust violation and therefore must

*Opposition to Motion for Injunction Page -9-*

establish immediate and irreparable harm for the issuance of an injunction. For the reasons indicated herein and the Defendants' Motion to Dismiss, Alternative Motion for Summary Judgment, no such harm exists.

## IV.   Plaintiffs Are Unable to Demonstrate the Likelihood of Future Violations

Here, Plaintiffs bring this action pursuant to the Sherman Antitrust Act, the Clayton Act and the Florida counter-part. All these statutes authorize injunctive relief. However, the court must still make a factual finding that a statutory violation occurred, is still occurring, or is **reasonably likely** to occur in the future, absent the issuance of an injunction. United States v. Richlyn Labs., 827 F.Supp. 1145 (E.D.Pa.1992).

In Richlyn, the United States sought an injunction pursuant to 21 U.S.C. § 332 against a drug manufacturer who was violating the Food, Drug, and Cosmetic Act (FDCA). The act provided for injunctive relief. The court held that, in addition to establishing probable cause to believe that the statute in question is being violated, **the moving party must also demonstrate that there is some reasonable likelihood of future violations in order to be entitled to injunctive relief**. Richlyn Labs., 827 F.Supp. at 1150. The court also held that the defendants would be preliminarily enjoined from continuing their manufacturing, processing and distribution activities until they were in compliance with the applicable Food and Drug Administration regulations. Id. at 1152-1153.[7]

---

[7] See also, In re Bradshaw, 233 B.R. 315, 326 (Bankr.D.N.J. Apr 26, 1999) (NO. 97-21361 (NLW), ADV. 98-2257 (NLW)) HN: 2 [When permanent injunctive relief is sought pursuant to statutory authority, courts typically consider only two factors: (1) whether there is an actual violation of the statute, and (2) whether there is a likelihood of future violations.]; Commodity Futures Trading Comm'n v. Hunt, 591 F.2d 1211, 1220 (7th Cir.1979); United States v. Toys "R" Us, Inc., 754 F.Supp. 1050, 1053 (D.N.J.1991); United States v. Medina, 718 F.Supp. 928, 930 (S.D.Fla.1989).

Here, Plaintiffs admit that the Defendants have begun accepting new assignments, without incident. As it relates to the Palm Beach and Broward Defendants, there is not one single allegation within Plaintiffs' Motion, supporting Memorandum and Affidavits which demonstrates **any** on going issue. In fact the only factual allegation of any matter which could conceivably be construed as a "harm" is contained in Paragraph 20 of the Plaintiffs' Motion for Injunction. The Paragraph states:

> Defendants Osmely Jimenez and Oscar Suarez made threats to other independent owner-operators who were attempting to work during the work stoppage. On February 10, 2000, these defendants went to Bishop Pit in Palm Bach County and threatened several drivers who were working under contracts they had with Plaintiff TUPLER and told them if they did not stop working their trucks would be damaged. One of the truckers was told that if he did not stop working, his truck would be shot. Plaintiffs' Motion for Injunction Page 6.

Importantly, this alleged "act" occurred on or about February 10 2000, **prior** to the initial meeting of the Association. Nowhere in Plaintiff's Affidavits or Motion is there a single allegation regarding **any** allegations of violence or other acts which would rise to the sufficient level of harm to support the issuance of an injunction. The Plaintiffs' Motion and Supporting documents are focused primarily on the occurrence in Miami and Dade County. The individual Defendants in this case, have no relation to those in Dade County.

///

///

Where Plaintiffs are unable to allege a single fact supporting the likelihood of any alleged antitrust conduct occurring in the future, their Motion for an Injunction should be denied.

IV. **Granting An Injunction In The Instant Case Would Undermine The Stated Purpose of Preliminary Injunctions**

The purpose of preliminary injunction is to preserve status quo or the last actual non contested status of the parties, pending final determination of the merits. Cargill, Inc. v. Monfort of Colorado, Inc., 479 U.S. 104, 107 S.Ct. 484, 93 L.Ed.2d 427 (1986).

Here, the status quo is already preserved. The truckers are continuing to accept assignments, and there are no incidents similar in nature to those alleged by the Plaintiffs.

Injunctive relief under antitrust statutes has three primary purposes: putting an end to illegal conduct; depriving violators of benefits of their illegal conduct; and restoring competition in marketplace. Arthur S. Langenderfer, Inc. v. S.E. Johnson Co., C.A.6 (Ohio) 1984, 729 F.2d 1050,[8]

Purpose of a civil injunction suit in antitrust cases against large corporations is not to punish defendants but to prevent a *continued* violation of §§ 1 to 7 of this title, to the injury of the public. U. S. v. Procter & Gamble Co., D.C.N.J.1959, 170 F.Supp. 689. (N.J. 1959). Where there is no allegation that any of Defendants' alleged conduct will continue in the future, other than pure speculation, an injunction cannot be issued.

---

[8]certiorari denied 105 S.Ct. 510, 469 U.S. 1036, 83 L.Ed.2d 401, certiorari denied 105 S.Ct. 511, 469 U.S. 1036, 83 L.Ed.2d 401, on subsequent appeal 917 F.2d 1413, rehearing denied, certiorari denied 112 S.Ct. 274, 502 U.S. 899, 116 L.Ed.2d 226, certiorari denied 112 S.Ct. 51, 502 U.S. 808, 116 L.Ed.2d 29.

Moreover, the stated purpose of the antitrust statutes of giving private parties injunctive relief was not merely to provide private relief, but was to serve the high purpose of enforcing the antitrust laws. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 89 S.Ct. 1562, (1969). In Zenith, the Court considered the antitrust statute and the availability of injunctive relief. In the Court's examination, the Court found that this section should be construed and applied with this purpose in mind and with knowledge that the remedy it affords, like other equitable remedies, is flexible and capable of adjustment and reconciliation between public interest and private needs, as well as between competing private claims. Thus, the Court is permitted to balance the equities of both litigants, prior to the entry of an injunction.

### A. The Balance of Equities Falls in Favor of The Court's Denial of The Injunction

A preliminary injunction should only be issued in an antitrust action where plaintiffs can sustain its burden to show that the balance of hardship tips decidedly towards plaintiffs. Interphoto Corp. v. Minolta Corp., 295 F.Supp. 711 (S.D.N.Y.1969), affirmed 417 F.2d 621; Intercontinental Container Transport Corp. v. New York Shipping Ass'n, 312 F. Supp. 562 (S.D.N.Y. 1970) [Before a preliminary injunction will issue, the party seeking it must demonstrate the likelihood that he will ultimately prevail upon the merits, and that he will suffer **greater irreparable injury from denial of injunctive relief than any hardship to the opposing party from the granting of such relief.**] [Emphasis Added].

Conduct which is pontificated by Defendants to occur in the future is not

sufficient to support an issuance of an injunction. *See generally,* Council for Employment and Economic Energy Use v. WHDH Corp., 580 F.2d 9 (1st. Cir. 1978).[9] In Council for Employment and Economic Energy, a political organization sought to enjoin an alleged antitrust violation by a radio stations. The political organization had succeeded in the political objective for which it was organized and would apparently not be back in the future seeking broadcast time. Based on the facts the court concluded that there was no basis for consideration of the claim for injunctive relief against the broadcasters, since is was unlikely to reoccur. Id.

Where the litigant is unable to demonstrate the balance of hardship tips in its favor, issuance of preliminary injunction is an abuse of discretion. Triebwasser & Katz v. American Tel. & Tel. Co., 535 F.2d 1356 (2d Cir. 1976).

Triebwasser involved an action brought by a detective agency after a telephone company and its sales representative refused to publish the agency's classified advertisement as submitted. The court found that the agency could not be said to be unable to establish monetary damages with certainty in view of broad latitude allowed in antitrust cases, especially in light of the fact the agency's duty to mitigate would be capable of proof. Importantly the court found that the requested preliminary injunction would require publication of the advertisement and would in effect give the agency substantially ultimate relief sought before the trial of a single issue. Based on these findings, the court held that the balance of hardships was not shown to tip decidedly in agency's favor and thus granting preliminary injunction requiring publication was abuse

---

[9]certiorari denied 99 S.Ct. 1421, 440 U.S. 945, 59 L.Ed.2d 633.

of discretion. <u>Triebwasser & Katz v. American Tel. & Tel. Co.</u>, 535 F.2d 1356 (2d Cir. 1976).

Here the Defendants have not been found to have committed any antitrust violation. In addition, there is no likelihood that any alleged violation will continue since the status quo has been returned. Thus, the issuance of an injunction at this stage of litigation is inappropriate.

WHEREFORE, for the foregoing reasons, the Defendants respectfully request that this court deny the Plaintiffs' Motion for Injunction.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by ~~U.S. mail~~ *Facsimile* to: **Edward Trent, Esq.,** Fisher & Phillips, LLP. 2300 Nationsbank Tower One Financial Plaza Fl. Lauderdale, Florida 33394-0005, Richard Diaz, Esquire, 2701 Southwest 3rd Avenue, Miami, Fl 33127-2335, Hosey Hernandez, Esquire, Coconut Grove Bank Building, 2701 South Bayshore Drive, Suite 602, Coconut Grove, FL 33133, Angel Ruiz, Esquire, Gomez, Del Pino & Ruiz, P.A., 1835 West Flagler Street, Miami, FL 33135, and Terry Schwartz, Esquire, Sonneborn Rutter Cooney, et al., 1545 Centrepark Drive North, West Palm Beach, FL 33401 on this 20th day of April, 2000.

STROLLA & SCOTT, P.A.
The Comeau Building
319 Clematis Street Suite 801
West Palm Beach, Florida 33401
Telephone 561-802-3132
Facsimile 561-802-3121

_____
CATHLEEN SCOTT, ESQUIRE
Florida Bar No.: 135331

*Opposition to Motion for Injunction Page -16-*