

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6223-CIV-GOLD/Simonton

AUSTIN TUPLER TRUCKING, INC., JUNER
HAULING CORPORATION, RETRANCA
EQUIPMENT & TRUCKING CORP.,TRUCK
BROKERAGE BY NATIONAL, INC., and
EASTMAN AGGREGATES

   Plaintiffs,

vs.

SUPPORT DUMP TRUCKING GROUP, INC.,
JUAN ARAGONES, OSCAR DE LEON,
REYNALDO RODRIGUEZ, RAFAEL D.
JIMENEZ, NORVEL IGARZA, ALAYN
HERNANDEZ, EDUARDO RODRIGUEZ,
OSMELY JIMENEZ, OSCAR SUAREZ,  **THE PARTIES LOCAL RULE 16.1**
JULIO GOMEZ, RIGODERTO PUPO,  **SCHEDULING REPORT**
RENIER MARTINEZ, GIRALDO VICTORIA,
VICTOR MORALES, JOHN DOE 1 through 300,
OWNERS ASSOCIATION OF PALM BEACH
AND BROWARD COUNTY, CHARLES LUQUE,
JORGE VALIENTE, JOSE MATOS, ISAAC
TURGEMAN, ILCEANE SFORCA, OSSIE
FERNANDEZ, and DANIEL BALAZI

   Defendants.
_____/

  Plaintiffs, Austin Tupler Trucking, Inc., et. al., and Defendants, Support Dump Trucking

Group, Inc., et. al. file this Scheduling Report in accordance with this Court's February 17 Order and

Rule 16.1, S. D. Fla. L. R. On April 14, 2000, at 11:00 a.m. Edward H. Trent, Esq., counsel for

Plaintiffs Austin Tupler Trucking, Inc., et. al., met by teleconference with Richard Diaz, Esq.,

counsel for John Doe Association, a/k/a The Commission n/k/a Support Dump Trucking Group, Inc., Juan Aragones, Oscar de Leon, Reynaldo Rodriguez, Rafael D. Jimenez, Norvel Igarza, Alayn Hernandez, Eduardo Rodriguez, Osmeli Jimenez, Oscar Suarez, Julio Gomez, Rigoderto Pupo, Renier Martinez, Geraldo Victoria, Victor Morales, Ossie Fernandez, and Daniel Balazi, and Cathleen Scott, Esq., counsel for the Owners Association of Palm Beach and Broward County, Oscar Suarez, Victor Morales, Jose Matos, Ilceane Sforca, Jorge Valiente, Daniel Balazi and Ossie Fernandez.[1] The parties agreed to the following dates for discovery, motions, and trial in this case.

    A.    <u>Designation of Case Management Track</u>: Given the number of parties and witnesses involved and the estimated time for the completion of discovery, the parties would designate this case on the Complex Track.

    B.    Dates pursuant to Appendix I of the Court's February 17, 2000 Order:

| <u>Date</u> | <u>Action</u> |
|---|---|
| By July 1, 2000 | All non-dispositive pretrial motions (including motions pursuant to Fed. R. Civ. P. 14, 15, 18 through 22, and 42 motions) shall be filed. Any motion to amend or supplement the pleadings filed pursuant to Fed. R. Civ. P. 15(a) or 15(d) shall comport with S.D. Fla. L. R. 15.1 and shall be accompanied by the proposed amended or supplemental pleading and a proposed order as required. |
| By July 2, 2001 | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |
| By August 3, 2001 | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |

---

[1] Raul Florez, Esq., counsel for Julio Gomez, did not participate in the teleconference due to an oversight by Plaintiffs' counsel. The information contained in this report has been shared with him and, by his signature below, he is in agreement with the proposals set forth herein.

| | |
|---|---|
| By August 31, 2001 | All parties shall furnish opposing counsel with a written listing containing the names and addresses of all <u>rebuttal</u> expert witnesses intended to be called at trial and only those <u>rebuttal</u> expert witnesses shall be permitted to testify. |
| By One week after disclosure of expert | The parties shall comply with S. D. Fla. L. R. 16.1 K concerning the exchange of expert witness summaries and reports. This date shall supercede any other date in local rule 16.1 K. |
| By October 31, 2001 | All expert discovery shall be completed. |
| By October 31, 2001 | All non-expert discovery shall be completed. |
| By December 17, 2001 | All dispositive pretrial motions and memoranda of law must be filed. **If any party moves to strike an expert affidavit filed in support of a motion for summary judgment** [for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 125 L.Ed.2d 469, 113 S. Ct. 2786 (1993), and *Kumho Tire Company, Ltd. v. Carmichael*, – U.S. –, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)], **the motion to strike shall be filed with that party's responsive memorandum.** |
| By January 18, 2002 | Mediation shall be completed. |
| By February 8, 2002 | **Pretrial Stipulation and *Motions in Limine*.** The joint pretrial stipulation shall be filed pursuant to S. D. Fla. L. R. 16.1(E). In conjunction with the Joint Pretrial Stipulation, the parties shall file their motions in limine. |
| By February 15, 2002 | Proposed pretrial conference date. The parties request that the Court allow the parties to appear by phone. |
| On or after April 1, 2002 | Proposed trial date. |

    C.    The case is to be trial by jury.

    D.    <u>Nature of Claims</u>: Plaintiffs claim Defendants, all independent business owners, violated the Sherman Anti-Trust Act, the Clayton Anti-Trust Act, and the Florida Anti-Trust Act of 1980 by attempting to influence the price paid to independent owner-operators for dump trucking services in South Florida. Plaintiffs claim Defendants attempted to accomplish the goals of their agreement, conspiracy, and combination by engaging in a mass work stoppage and boycott enforced with acts of violence. Defendants, since returning to work, have continued their antitrust efforts

by shutting down individual jobs until the targeted Plaintiff agrees to an increase in the hauling rate. Plaintiffs also claim that Defendants actions constitute an intentional interference with their business relationships. There are no counter-claims pending at this time.

Damages: An accounting of damages has not been completed at this time. However, Plaintiff Austin Tupler Trucking, Inc. estimates its damages from the three week work stoppage may be around $200,000.00 in lost profits and additional expenses for additional security. This amount does not include costs and attorneys' fees associated with this action, nor does it include lost profits from having to meet Defendants' demands for higher hauling rates. Plaintiffs also seek permanent injunctive relief.

E.  Summary of undisputed facts: Plaintiffs are all truck brokerage companies. As truck brokers, Plaintiffs bid on construction contracts to provide dump trucking services. Plaintiffs then offer the job to various independent owner-operators. The independent owner-operators haul the required material to and from the job site for a fee. The independent owner-operators are independent business people and work as independent contractors, not employees.

In early February 2000, Defendants, in connection with other owner-operators (or John Doe Defendants) initiated a work stoppage in Dade, Broward, and Palm Beach Counties. During the work stoppage, Defendants refused to accept any further jobs from Plaintiffs or other brokers. During the work stoppage, the Dade County Defendants (Support Dump Trucking Group, Inc. and its members) would congregate along Okeechobee Rd. where several aggregate pits are located. Plaintiffs purchase materials for construction jobs from these aggregate pits. In Palm Beach County, the Palm Beach and Broward County Defendants (Owners Association of Palm Beach and Broward County and its members) congregated along U.S. 27 near the entrance to Palm Beach Aggregates, an aggregate pit where Plaintiffs purchase materials from construction jobs.

Defendants resumed hauling for Plaintiffs by early March, 2000.

F.  A recital of the issues as presently known. Whether Defendants actions constitute a violation of state and federal antitrust laws, and if so, the amount of damages suffered and the appropriateness of permanent injunctive relief. Additionally, whether Defendants actions constitute the tort of intentional interference with business relationships, and if so, the amount of damages suffered.

G.    <u>A list and summary of any pending motions.</u>

1. Plaintiffs' Motion for Preliminary Injunction. Plaintiffs are seeking preliminary injunctive relief to prevent Defendants' on-going antitrust activity and to prevent the reoccurrence of the illegal work stoppage and boycotts.

2. Defendant Support Dump Trucking Group, Inc.'s Motion to Dismiss. Defendant seeks dismissal of Plaintiffs' claims because the case was originally filed in the Broward County division of the Southern District of Florida and not the Dade County division where this Defendant has its principle place of business.

3. Defendant Owners Association of Palm Beach and Broward County's Motion to Dismiss or in the Alternative Motion for Summary Judgment. Defendant seeks dismissal of Plaintiffs' claims because Defendants contend that their actions are not violative of antitrust statutes, Defendants claim any damages are speculative or not related to any antitrust violation, because Defendants have returned to work, because the Defendant Association was formed for the purpose of legal representation and finding the Defendant to have violated the antitrust laws would violate the Defendants' First Amendment rights, and because Defendant claims Plaintiffs are unable to prove an illegal purpose for Defendant's actions.

H.    <u>Progress of Discovery.</u> No discovery has been undertaken in this case and the parties do not anticipate any discovery problems which require early court resolution.

I.    <u>Any unique legal or factual aspects of the case requiring special consideration by the Court including jurisdictional issues or questions concerning lack of subject matter jurisdiction.</u> None other than those set forth in the motions listed above.

J.    There is no potential need for reference to a special master or magistrate.

K.    There is no need for an early case management conference. The Court currently has scheduled a May 12, 2000 hearing on Plaintiffs' Motion for Preliminary Injunction and any outstanding dispositive motions.

L.    <u>Status of potential settlement.</u> The parties are discussing settlement.

M.    The Manual on Complex Litigation, Third Edition may be of assistance in this case but because discovery has not begun and the parties anticipate a cordial working relationship to ensure full and cost-effective discovery, the parties have not determined how the Manual on Complex Litigation may assist in this case.

N.  The parties have agreed that the "disclosure requirement" imposed by Fed. R. Civ. P. 26(a)(1-4) shall not apply to this case. The parties have agreed to provide opposing counsel a list of witnesses and documents as required by Rule 16.1(B), on or before May 5, 2000.

O.  The preliminary estimate on the time necessary for trial is 15 trial days. Because there has been no discovery in this case, because of the large number of parties to this case, and because the parties have not been able to narrow the issues at this early stage, the parties have agreed to amend this estimate once the scope of trial can be more accurately ascertained.

P.  The parties know of no other issues that may assist the Court in the fair and expeditious administration and disposition of the case.

Respectfully submitted this 28th day of April, 2000.

By:_____
Richard Diaz, Esq.
Richard A. Diaz, P.A.
2701 Southwest 3rd Avenue
Miami, Florida 33127-2335
Attorneys for John Doe Association,
a/k/a The Commission n/k/a Support
Dump Trucking Group, Inc., Juan
Aragones, Oscar de Leon, Reynaldo
Rodriguez, Rafael D. Jimenez, Norvel
Igarza, Alayn Hernandez, Eduardo
Rodriguez, Osmeli Jimenez, Oscar Suarez,
Julio Gomez, Rigoderto Pupo, Renier
Martinez, Geraldo Victoria, Victor
Morales, Ossie Fernandez and Daniel Balazi

By:_____
Charles S. Caulkins, Esq.
James C. Polkinghorn, Esq.
Edward H. Trent, Esq.
Fisher & Phillips LLP
NationsBank Tower
One Financial Plaza, Suite 2300
Fort Lauderdale, Florida 33394
Attorneys for Plaintiffs

By:_____
Cathleen A. Scott, Esq.
Strolla & Scott, P.A.
The Comeau Building
319 Clematis Street, Suite 801
West Palm Beach, Florida 33401
Attorneys for the Owners Assoc. of
Palm Beach and Broward County,
Oscar Suarez, Victor Morales, Jose
Matos, Ilceane Sforca, Jorge Valiente,
Daniel Balazi and Ossie Fernandez

By:_____
Raul Flores, Esq.
Law Offices of Manuel F. Fente, P.A.
1110 Brickell Avenue, Seventh Floor
Miami, Florida 33131
Attorneys for Julio Gomez

6



N.  The parties have agreed that the "disclosure requirement" imposed by Fed. R. Civ. P. 26(a)(1-4) shall not apply to this case. The parties have agreed to provide opposing counsel a list of witnesses and documents as required by Rule 16.1(B), on or before May 5, 2000.

O.  The preliminary estimate on the time necessary for trial is 15 trial days. Because there has been no discovery in this case, because of the large number of parties to this case, and because the parties have not been able to narrow the issues at this early stage, the parties have agreed to amend this estimate once the scope of trial can be more accurately ascertained.

P.  The parties know of no other issues that may assist the Court in the fair and expeditious administration and disposition of the case.

Respectfully submitted this ____ day of April, 2000.

By:_____
Richard Diaz, Esq.
Richard A. Diaz, P.A.
2701 Southwest 3rd Avenue
Miami, Florida 33127-2335
Attorneys for John Doe Association,
a/k/a The Commission n/k/a Support
Dump Trucking Group, Inc., Juan
Aragones, Oscar de Leon, Reynaldo
Rodriguez, Rafael D. Jimenez, Norvel
Igarza, Alayn Hernandez, Eduardo
Rodriguez, Osmeli Jimenez, Oscar Suarez,
Julio Gomez, Rigoderto Pupo, Renier
Martinez, Geraldo Victoria, Victor
Morales, Ossie Fernandez and Daniel Balazi

By:_____
Charles S. Caulkins, Esq.
James C. Polkinghorn, Esq.
Edward H. Trent, Esq.
Fisher & Phillips LLP
NationsBank Tower
One Financial Plaza, Suite 2300
Fort Lauderdale, Florida 33394
Attorneys for Plaintiffs

By:_____
Cathleen A. Scott, Esq.
Strolla & Scott, P.A.
The Comeau Building
319 Clematis Street, Suite 801
West Palm Beach, Florida 33401
Attorneys for the Owners Assoc. of
Palm Beach and Broward County,
Oscar Suarez, Victor Morales, Jose
Matos, Ikeane Sforca, Jorge Valiente,
Daniel Balazi and Ossie Fernandez

By:_____
Raul Flores, Esq.
Law Offices of Manuel F. Fente, P.A.
1110 Brickell Avenue, Seventh Floor
Miami, Florida 33131
Attorneys for Julio Gomez

6

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No 006301-CIV-GOLD

SETH B. CUTLER, M.D. d/b/a
SETH B. CUTLER, M.D., P.A. and
BROWARD COUNTY MEDICAL
ASSOCIATION, INC.

   Plaintiffs,

v.

HUMANA MEDICAL PLAN, INC., a
Florida corporation; HUMANA HEALTH PLAN
OF FLORIDA, INC., a Florida corporation; and
HUMANA HEALTH INSURANCE COMPANY
OF FLORIDA, INC., a Florida corporation,

   Defendants.
_____/

## PLAINTIFFS REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS MOTION FOR REMAND

Plaintiffs, SETH B. CUTLER, M.D., d/b/a SETH B. CUTLER, M.D.,P.A., (hereinafter "CUTLER") and BROWARD COUNTY MEDICAL ASSOCIATION, by and through their undersigned attorneys, hereby file this Reply Memorandum in Support of their Motion for Remand and state as follows:

### I. INTRODUCTION AND SUMMARY OF ARGUMENT [1]

Defendants' argue that "Plaintiffs Motion to Remand evinces a basic misunderstanding of complete preemption". (Defendants' memorandum at p.1). In fact, it is Defendants' Memorandum which evinces a total misunderstanding of preemption

---

[1] As previously indicated in plaintiffs Notice of Filing of April 6, 2000, J. Graham has already remanded the case of Landa vs. Humana et al, case number 00-6217-CIV- Graham to state court. Landa, involved identical claims to those herein, and was removed by defendants on the same basis, ERISA, as this case.

law and the difference between regular preemption under 29 U.S.C. 1144(a) and complete preemption under 29 U.S.C. 1132(a)(1)(b).

Only 29 U.S.C 1132(a)(1)(b) supports "complete preemption" and it only applies to causes of action brought by or through Plan participants or beneficiaries to recover benefits due under a Plan or enforce rights under a Plan. Plaintiff's claims clearly does not arise under this provision of ERISA and therefore, complete preemption cannot apply. Since only complete preemption can support removal, remand must be ordered.

Similarly, Defendants belated addition of the Medicare Act as an avenue for removal is unsustainable. All grounds for removal must be identified within the removal petition. Grounds for removal stated after the 30 day period allowed for removal cannot provide a basis for removal. Moreover, the Medicare Act does not supply a basis for complete preemption or removal of this case. As such, Defendants reliance upon the Medicare Act as a basis for removal is misplaced and must be rejected.

## II. FACTS AND ALLEGATIONS OF THE COMPLAINT

Defendants misstate the allegations of Plaintiffs Complaint in a way that is misleading to this Court. For example, Defendants state that Plaintiffs allege that the re-coding of reimbursement requests occurs when Plaintiffs "original codes cannot be documented". No where is this allegation found in Plaintiffs Complaint and it is, in fact, completely untrue. Instead, Plaintiffs allege in their complaint that the downcoding occurs arbitrarily and is unrelated to anything other than Defendants unyielding determination to maximize it's profits regardless of the terms of the Provider Agreements.

Defendants' also argue that Plaintiff's claims arise out of his position as assignee of his patient's rights under their ERISA Plans. However, Plaintiffs claims and rights arise not under the ERISA Plans, but instead, under the Provider Agreement, which is not governed by ERISA.

Defendants' next allege that Plaintiffs claims are "inextricably linked to Defendants alleged acts in administering claims". The only things Plaintiffs claims are inextricably linked with is the enforcement of the Provider Agreement entered into between Defendants' and Plaintiff and not any group health plan governed by ERISA.

Finally, Defendant has belatedly filed an Affidavit of an employee in an attempt to create "record" evidence of the "fact" that fifteen of Plaintiffs fifty nine re-coding incidents involved patients who were insured under an ERISA Plan. Clearly this was not record evidence at the time of the removal and its belated presentation cannot correct an otherwise deficient removal petition. See, Great Northern Railway Company vs. Alexander, 246 U.S. 276, 239, (1918) (It is well settled that a case, arising under the laws of the Untied States, nonremoveable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant. . .) Moreover, the fact that some of the downcoded bills were for patients who were ERISA Plan participants or beneficiaries does not effect the removeability of Plaintiffs claims. See, Variety Childrens Hospital Inc. vs. Blue Cross Blue Shield of Florida, 942 F. Supp. 5621 (S.D. Fla. 1996). (Although a state law may have a connection to an ERISA Plan, its relation may be "too tenuous, remote, or peripheral in manner to warrant a finding that the law relates to a plan." If a state law "does not affect the structure, administration, or the type

3

of benefits provided by an ERISA Plan, the mere fact that the [law] has some economic impact on the Plan does not require that [law] be invalidated"..._)

### III. DEFENDANTS CASES

Defendants rely upon a number of cases for its proposition that Plaintiffs claims herein are preempted. These cases are distinguishable either because they were brought by ERISA Plan participants or beneficiaries or because they are not complete preemption cases.

For example, Franklin vs. QHG of Gadston, Inc., 127 F. 3rd 1024 (11th Cir. 1997), was brought by an ERISA Plan participant and a beneficiary seeking to enforce her rights pursuant to 29 U.S.C. 1132(a)(1)(b). Clearly, such claims would be removable. Plaintiffs claims herein are not brought by Plan participants or beneficiaries or as assignees of a Plan participant or beneficiary nor are they brought to enforce rights pursuant to 29 U.S.C. 1132(a). As such, this case is not removable.

Defendant relies upon Ward vs. Alternative Health Delivery Systems, 55 F. Supp. 2d 694 (W.D. Ky., 1999) to support its argument regarding complete preemption. This case is perhaps the best illustration of Defendants misunderstanding of complete preemption as opposed to regular preemption. In addition, Defendants' discussion of the case is completely misleading. For example, Defendants miscite the case as follows: "Ruling that removal was proper, the court held that such state law claims necessarily relate to any employee benefit plan"... (Defendants' memorandum at p. 10) In fact, the Ward Court's ruling that removal was proper was totally unrelated to the Ward Plaintiff's state law claims.

4

To explain, the plaintiff in <u>Ward</u> brought a number of claims, some of which state law based. However, Dr. Ward also <u>brought an ERISA claim</u>. It was this ERISA claim that allowed for removal. Obviously, if a Plaintiff brings an ERISA claim, even if it is ultimately rejected by the Court, the case is still properly removable under ERISA.

The <u>Ward</u> Court's ruling that the plaintiff's state law claims were preempted by ERISA was completely unrelated to Defendants right to remove. Instead, the Court's ruling that the plaintiff's state law claims were preempted was based on simple preemption which is only a defense in that case, not a basis for removal. Therefore, regardless of the <u>Ward</u> Court's ruling that plaintiff's claims were subject to the defense of ERISA preemption, a ruling which is at odds with a ruling by this Court, (<u>Variety Children's Hospital, Inc. vs. Blue Cross Blue Shield of Florida</u>, 942 F. Supp. 2d 562 (S.D. Fla. 1996) and others throughout the country, it clearly does not stand for the proposition that Plaintiff's state law claims create a basis for removal.

Defendants also rely upon <u>Florence Nightingales Nursing Services, Inc., vs. Blue Cross and Blue Shield of Alabama</u>, 41 F 3rd 1476 (11th Cir. 1995) as support for its removal of this case. However, that case revolves around the interpretation of an ERISA Plan, not a Provider Agreement Plan, as is the case herein. Since the <u>Florence Nightingale</u> case was governed by interpretation of an ERISA Plan, not a Provider Agreement, it has absolutely no applicability to the facts of this case and does not support the removal of this action to federal court.

5

Finally, Defendants' attempt to distinguish the largely indistinguishable facts of <u>Blue Cross of California vs. Anesthesia Care Associates Medical Group</u>, 187 F. 3d 1045 (9th Cir. 1999) is completely illogical. What difference does it make whether Plaintiff herein claims that the fee schedules in the Provider Agreement were violated as opposed to altered? Plaintiff's claim still involves an interpretation and enforcement of the Provider Agreement, not the ERISA Plan. The only issues in this case are Plaintiffs' and Defendants' respective rights and obligations under the Provider Agreement and thus are not governed by ERISA.

Notably, Defendants' do not address at all this Court's decision in <u>Variety Childrens Hospital</u>, the United States Supreme Court's decision in <u>Group Life & Health Insurance Company vs. Royal Drug Company</u>, 40 U.S. 205 (1979), or any of the other cases which clearly support remand of this case. Defendants' reliance on factual and legal distinguishable cases is telling of the pausity of precedential support for its position.

In summary, ERISA provides no basis for removal of Plaintiffs' claims. Plaintiffs' claims are not brought by a Plan participant or beneficiary or as assignee of a Plan participant or beneficiary. Plaintiffs' claims are not brought to enforce a right afforded under 29 U.S.C. 1132(a)(1)(b). Thus, removal was not proper in this case and it must be remanded.

## IV. THE MEDICARE ACT DOES NOT PROVIDE A BASIS FOR REMOVAL

### A. PLAINTIFFS WAIVED ANY RIGHT TO REMOVE BASED UPON MEDICARE

A notice of removal is required to contain a "short and plain statement of the grounds for removal". 28 U.S.C. 1446(a). A notice of removal generally must be filed within 30 days after the receipt of the initial state court pleading. 28 U.S.C. 1446(b). A Defendant may not amend it's notice of removal after this 30 day period to remedy a substantive defect in the petition. <u>Wyant vs. National Railroad Passenger Corp.</u>, 881 F. Supp. 919 (S.D. N.Y. 1995). In <u>Wyant</u>, the Defendant belatedly attempted to add federal question jurisdiction as a basis for removal based upon the fact that Amtrak was a Defendant. Although it is well settled law that Amtrak has a right to remove to federal court based on federal question jurisdiction, the district court in <u>Wyant</u> rejected removal on this ground because it had not been plead in the original notice of removal. As stated by the Court in <u>Wyant</u>, citing <u>Stewart vs. Adelphi University</u>, 1990 WL 455181 (S.D. N.Y. 1994):

> "Court's generally agree that such leave [to amend a notice of removal] should be given only [when] the proposed amendments are technical in nature or merely serve to clarify what was contained in the original notice for removal, but not when the proposed amendment aims to remedy a fundamental defect in the original notice of removal <u>or attempts to add a new ground for removal."</u> (Emphasis in the original)

Since Amtrak did not assert its federal question jurisdiction basis for removal in its original notice of removal, it could not do so later on. Similarly, Defendants herein cannot add the Medicare Act as a new basis for removal at this late date.

...nepis vs. Local Union Number 17, United Brotherhood of Carpenters [of Am]erica, 989 F. Supp. 511 (S.D. N.Y. 1998), the District Court rejected a [motion] by the defendant to remove based upon section 301 of the Labor [Relat]ions Act because this had not been identified as a basis for removal [in the rem]oval petition. Instead, the defendant first raised this jurisdictional [basis in opposing] the plaintiff's remand motion, not unlike Defendant does herein. As [such, the court rej]ected this as a potential basis for removal.

[Here] not only did Defendants belatedly raise the Medicare Act as a basis [for removal, they ha]s never filed an Amended Notice or Petition for Removal either. [Defendants' attempt]t to remove based upon Medicare are simply too little, too late and [insufficient a]s a grounds for removal.

## [THE MEDICAR]E ACT DOES NOT SUPPORT REMOVAL OF THIS CASE

[Before any] discussion of removal jurisdiction based upon the Medicare Act once [again requires that] the difference between preemption as a defense and complete [preemption be addressed. Unl]ess a case presents a situation for complete preemption, the "well [pleaded complain]t rule" applies in determining whether federal jurisdiction exists. Under [the "well pleaded] complaint rule" the pleader is the master of his complaint and the [court must deter]mine the existence of federal jurisdiction "solely from what appears on [the face of the p]laintiff's complaint." Franchise Tax Board vs. Construction Laborers, 463 U.S. 1, 9-10 (1983). The only exception to the well pleaded [complaint rule ex]ists where there is complete preemption of the state claim by federal [law. Metropolitan Life Inc. vs. Williams, 482 U.S. 383 (1987). Complete preemption applies

8

Again, in <u>Schepis vs. Local Union Number 17, United Brotherhood of Carpenters and Joiners of America</u>, 989 F. Supp. 511 (S.D. N.Y. 1998), the District Court rejected a belated attempted by the defendant to remove based upon section 301 of the Labor Management Relations Act because this had not been identified as a basis for removal in the original removal petition. Instead, the defendant first raised this jurisdictional ground in opposing the plaintiff's remand motion, not unlike Defendant does herein. As such, the Court rejected this as a potential basis for removal.

In this case, not only did Defendants belatedly raise the Medicare Act as a basis for removal, it has never filed an Amended Notice or Petition for Removal either. Defendants attempt to remove based upon Medicare are simply too little, too late and must be rejected as a grounds for removal.

## B. THE MEDICARE ACT DOES NOT SUPPORT REMOVAL OF THIS CASE

Defendant discussion of removal jurisdiction based upon the Medicare Act once again confuses the difference between preemption as a defense and complete preemption. Unless a case presents a situation for complete preemption, the "well pleaded complaint rule" applies in determining whether federal jurisdiction exists. Under the "well pleaded complaint rule" the pleader is the master of his complaint and the court must determine the existence of federal jurisdiction "solely from what appears on the face of the plaintiff's complaint." <u>Franchise Tax Board vs. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 9-10 (1983). The only exception to the well pleaded complaint rule exists where there is complete preemption of the state claim by federal law. <u>Caterpillar Inc. vs. Williams</u>, 482 U.S. 383 (1987). Complete preemption applies

8

only in those extraordinary circumstances when Congress intends not only to preempt state laws, but also replace those laws with federal laws, such as the case in ERISA. Metropolitan Life Insurance Company vs. Taylor, 481 U.S. 58 (1987).

> As stated by the United States Supreme Court in Caterpillar:
>
> On occasion, the Court has concluded that the preemptive force of a statute is so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well pleaded complaint rule....
>
> The presence of a federal question...in a defense argument does not overcome the paramount policies embodied in the well pleaded complaint rule – that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claim based on federal law, chose to have the cause heard in state court. . .a defendant cannot, merely by injecting a federal question into an action that it asserts what is plainly a state law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim should be litigated. If the defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal. Caterpillar, 482 U.S. 393, 398-99.

Thus the difference between complete preemption and ordinary preemption is all important. Only is it if there's complete preemption can a case be removed. Ordinary preemption only provides a basis for a motion to dismiss or an affirmative defense.

Defendants have failed to cite a single case standing for the proposition that the Medicare Act completely preempts Plaintiffs cause of action such that removal is proper. Instead, Defendant only cites cases which stand for the proposition that Medicare, under the proper circumstances and facts, may provide a defense to a plaintiff's state law claims. Thus, assuming defendant is correct and that the Medicare Act bars plaintiffs claims, which plaintiff does not admit, this still does not provide a basis for removal. Instead, the case must be remanded to state court where the

9

substantive issues regarding the defense of the Medicare Act may be addressed by the state court.

## V. CONCLUSION

In conclusion, Defendant has failed to establish any basis for removal of this case to this Court. There is no basis for removal jurisdiction either under ERISA or the Medicare Act. As such, this case must be remanded to the state court from which it was removed.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 28TH day of April, 2000 to:

Peter A. Sachs, Esq.
Jones, Foster, Johnston & Stubbs, P.A.
Attorneys for Defendants,
505 South Flagler Drive, Suite 1100
P. O. Box 3475
West Palm Beach, Fl 33402-3475
(561) 659-3000

O'Melveny & Myers LLP
Of counsel for Defendants
555 13th Street, N. W., Suite 500 West
Washington, D. C. 20064
(202) 383-5300

KRUPNICK, CAMPBELL, MALONE, ROSELLI,
BUSER, SLAMA, HANCOCK, McNELIS
LIBERMAN & McKEE, P.A.
Attorney for Plaintiff
700 Southeast Third Avenue
Courthouse Law Plaza, Suite 100
Fort Lauderdale, Florida 33316
(954) 763-8181

BY: _____
WALTER G. CAMPBELL, JR., ESQUIRE
Florida Bar No.: 161009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6405-CIV-GOLD
Magistrate Judge Simonton

IRMA MOTEN,

          Plaintiff,

v.

FRANCHISE ASSOCIATES, INC.

          Defendant.
_____/

FILED by _____ D.C.
MAY 0 1 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER

THIS CAUSE came before the Court on a Motion for Admission Pro Hac Vice filed by Kevin B. Callanan. The Court having reviewed the application, it is

ORDERED AND ADJUDGED that the application is hereby GRANTED, and Kevin B. Callanan is hereby admitted to appear on behalf of Defendant Franchise Associates, Inc.

DONE AND ORDERED in Chambers, Miami, Florida this ___ day of _____ 2000.

ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Kevin B. Callanan, Esquire
W. Russell Hamilton, III, Esquire
Nelson Akinrinade, Esquire



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6441-CIV-GOLD

ATLAS COMMUNICATIONS, LTD., )
)
Plaintiff, )
)
vs. )
)
ROCK SOUND INVESTMENTS )
CORPORATION, et al., )
)
Defendants. )
_____)

## ORDER ON DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME

THIS CAUSE came on before the Court on Defendant Alan Lipkowitz' Motion for Enlargement of Time to Respond to Complaint, and the Court having reviewed said motion and being otherwise fully advised in the premises, it is hereby

ORDERED and ADJUDGED that said Motion is hereby GRANTED. Defendant shall have twenty days, up to and including May 15, 2000, to move, answer or otherwise respond to the complaint.

DONE AND ORDERED in Chambers, at Miami-Dade County, Florida this 1 day of April, 2000.

_____
U.S. DISTRICT COURT JUDGE

Copies to:
Curtis Carlson, Esq.
Howard M. Camerik, Esq.
Steven A. Lessne, Esq.
Jerome R. Richter, Esq.