UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6223-CIV-GOLD/Simonton

AUSTIN TUPLER TRUCKING, INC., JUNER
HAULING CORPORATION, RETRANCA
EQUIPMENT & TRUCKING CORP.,TRUCK
BROKERAGE BY NATIONAL, INC., and
EASTMAN AGGREGATES

    Plaintiffs,

vs.

SUPPORT DUMP TRUCKING GROUP, INC.,
JUAN ARAGONES, OSCAR DE LEON,
REYNALDO RODRIGUEZ, RAFAEL D.
JIMENEZ, NORVEL IGARZA, ALAYN
HERNANDEZ, EDUARDO RODRIGUEZ,
OSMELY JIMENEZ, OSCAR SUAREZ,
JULIO GOMEZ, RIGODERTO PUPO,
RENIER MARTINEZ, GIRALDO VICTORIA,
VICTOR MORALES, JOHN DOE 1 through 300,
OWNERS ASSOCIATION OF PALM BEACH
AND BROWARD COUNTY, CHARLES LUQUE,
JORGE VALIENTE, JOSE MATOS, ISAAC
TURGEMAN, ILCEANE SFORCA, OSSIE
FERNANDEZ, and DANIEL BALAZI

**PLAINTIFFS AUSTIN TUPLER
TRUCKING, INC., ET. AL.'S
MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO
STRIKE UNTIMELY STATEMENT
OF UNDISPUTED FACTS**

    Defendants.
_____/

Pursuant to Rules 7.1(C), S. D. Fla. L. R., Plaintiffs Austin Tupler Trucking Inc., et. al. ("Plaintiffs") file this Memorandum in Opposition to Defendants' Motion to Strike Untimely Statement of Undisputed Facts. For the reasons stated herein, Plaintiffs request that the Defendants' Motion to Strike Untimely Statement of Disputed Facts be denied.



On March 20, 2000, Defendants' served a copy of their Motion to Dismiss or in the Alternative Motion for Summary Judgment, along with their Statement of Undisputed Facts on undersigned counsel. In filing Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment, Plaintiffs addressed each of Defendants' alleged Statements of Undisputed Facts. Due to an oversight, the undersigned did not file a separate statement denying Defendants' Statement of Undisputed Facts as required by Rule 7.5, S.D. Fla. L.R., with the memorandum. As soon as the oversight was recognized, Plaintiffs Austin Tupler Trucking Inc., et. al.'s Statement of Material Facts in Opposition to Defendants' Statement of Undisputed Facts in Support of Summary Judgment ("Statement of Material Facts") was prepared and served on April 13, 2000.

The Statement of Material Facts does not set forth any new arguments or material not contained in Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment. As noted above, Plaintiffs' Statement of Material Facts was served as soon as the oversight was realized by the undersigned. The late service of the Statement of Material Facts did not prejudice Defendants in any way, nor is any prejudice alleged in Defendants' Motion. Additionally, Defendants' reply to Plaintiffs' Memorandum in Opposition to Defendants Motion to Dismiss or in the Alternative Motion for Summary Judgment was not delayed or affected by the untimely filing of the Statement of Material Facts. As such, Plaintiffs request that the Court exercise its discretion and deny Defendants' Motion to Strike.

The court in *Snow v. Bellamy Mfg. & Repair*, 1995 U.S. Dist. LEXUS 22113 (N.D. Ga. Sept. 26, 1995), addressed a similar situation in denying a defendant's motion to strike the plaintiff's

2

untimely response to a motion for summary judgment. In doing so, the court made the following observations:

> Defendants move to strike Plaintiff's response and opposition to their motions for summary judgment as untimely filed. Defendants' motions for summary judgment were filed on February 23, 1995. The Local Rules require a response to a motion for summary judgment to be filed within twenty days of the summary judgment motion. Local Rule 220-1(b). Plaintiff filed his response on March 22 and 23, 1995. Plaintiff's responses are technically untimely.
>
> However, a motion to strike is not the proper procedure for curing such defects. *See supra* § II.A. Moreover, plaintiff's tardiness was only slight and due to counsel's negligence. A strong federal policy favors resolution of disputes on the merits as opposed to disposition on technicalities. *See Smith v. Pay-Fone Systs., Inc.*, 627 F. Supp. 121, 123 (N.D. Ga. 1985). Defendants were not prejudiced by a three-day delay in responding to their motions. Thus, the equities of the situation do not demand that Plaintiffs be punished for a minor mistake of their attorney. In view of the preference for resolving disputes on the merits, Defendant's motion is **DENIED.**

*Id.* at *6-7 (emphasis in original).

While the undersigned did not contact counsel for Defendant prior to serving Plaintiffs' Statement of Material Facts, undersigned counsel did not recognize a need or requirement for such conference prior to submitting Plaintiffs' Statement of Material Facts. The Court is not scheduled to hear argument on Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment until May 12, 2000, at the earliest. While the time between the due date for the Statement of Material Facts and the hearing scheduled on May 12, 2000, does not justify a late filing, the innocence of the oversight, the prompt curing of the omission, and the lack of prejudice to the

Defendants justify denial of Defendants' Motion to Strike.[1] Accordingly, Plaintiffs respectfully request the Court deny Defendants' Motion to Strike Untimely Statement of Undisputed Facts.

Respectfully submitted this 1st day of May, 2000.

By: /s/ *[signature]*

| | |
|---|---|
| FISHER & PHILLIPS LLP | Charles S. Caulkins |
| NationsBank Tower | (Fla. Bar No. 0461946) |
| One Financial Plaza, Suite 2300 | James C. Polkinghorn |
| Fort Lauderdale, Florida 33394 | (Fla. Bar. No. 0376892) |
| Telephone:  (954) 525-4800 | Edward H. Trent |
| Facsimile:  (954) 525-8739 | (Fla. Bar No. 0957186) |
| | Attorneys for Plaintiffs. |

---

[1] Rule 7.1, S.D. Fla. L.R., requires that a memorandum of law be submitted along with any motions filed with the Court. Of course, Defendants' Motion to Strike does not contain any memorandum of law or reference to any controlling authority other than a general reference to "the federal and local rules governing procedure." Additionally, Rule 7.1(A)(3)(a), S.D. Fla. L.R., requires that counsel for the moving party confer with counsel for the opposing side "in a good faith effort to resolve by agreement the issues to be raised in the motion," and for the moving party to certify that such efforts have been made. The undersigned received no communication from Defendants' counsel prior to the filing of the Motion to Strike as required by the Local Rules, and, accordingly, there is no certification as required by the Local Rules. It is ironic that Defendants' Motion to Strike Untimely Statement of Undisputed Facts based upon Plaintiffs' failure to timely comply with Rule 7.5 in the filing of their Statement of Material Facts would contain such procedural irregularities. They comprise just another reason the Court should consider the merits of Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment based upon the merits of Plaintiffs' response as set forth in their Memorandum in Opposition to Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment and in Plaintiffs' Statement of Material Facts in Opposition to Defendants' Statement of Undisputed Facts in Support of Summary Judgment.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of PLAINTIFFS AUSTIN TUPLER TRUCKING, INC., ET. AL.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE UNTIMELY STATEMENT OF UNDISPUTED FACTS was served by First Class United States mail this 1st day of May, 2000, upon the following:

Richard Diaz, Esq.
Richard A. Diaz, P.A.
2701 Southwest 3rd Avenue
Miami, Florida 33127-2335
Attorneys for John Doe Association,
a/k/a The Commission n/k/a Support
Dump Trucking Group, Inc., Juan
Aragones, Oscar de Leon, Reynaldo
Rodriguez, Rafael D. Jimenez, Norvel
Igarza, Alayn Hernandez, Eduardo
Rodriguez, Osmeli Jimenez, Oscar Suarez,
Julio Gomez, Rigoderto Pupo, Renier
Martinez, Geraldo Victoria, Victor
Morales, Ossie Fernandez and Daniel Balazi

Hosey Hernandez, Esq.
Hosey Hernandez, P.A.
Coconut Grove Bank Building
2701 South Bayshore Drive, Suite 602
Coconut Grove, Florida 33133
Attorneys for Support Dump Trucking
Group, Inc.

Cathleen A. Scott, Esq.
Strolla & Scott, P.A.
The Comeau Building
319 Clematis Street, Suite 801
West Palm Beach, Florida 33401
Attorneys for the Owners Assoc. of
Palm Beach and Broward County,
Oscar Suarez, Victor Morales, Jose
Matos, Ilceane Sforca, Jorge Valiente,
Daniel Balazi and Ossie Fernandez

Raul Flores, Esq.
Law Offices of Manuel F. Fente, P.A.
1110 Brickell Avenue, Seventh Floor
Miami, Florida 33131
Attorneys for Julio Gomez

Terry R. Swartz, Esq.
Sonneborn Rutter Cooney
Klingensmith & Eyler, P.A.
1545 Centrepark Drive North
West Palm Beach, Florida 33401
Attorneys for Isaac Turgeman

<u>Individual Defendants:</u>

Charles Luque
4701 Lyons Road, #212
Coconut Creek, Florida 33073

_____
Attorney