

FILED by _G.W._ D.C

MAY 1 6 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6223-CIV-GOLD/SIMONTON

AUSTIN TUPLER TRUCKING, INC., et. al,

     **Plaintiffs,**

vs.

SUPPORT DUMP TRUCKING GROUP,
INC., et. al,

     **Defendants.**

_____/

## ORDER ON PENDING DISPOSITIVE MOTIONS AND SETTING PROCEDURE FOR FURTHER PROCEEDINGS

**THIS CAUSE** is before the court upon defendants Support Dump Trucking Group, Inc.,

Juan Aragones, Oscar de Leon, Reynaldo Rodriguez, Rafael Jimenez, Norvel Igarza, Alayn

Hernandez, Eduardo Rodriguez, Osmely Jimenez, Oscar Suarez, Rigoderto Pupo, Renier Martinez,

Giraldo Victoria, Victor Morales, and an undetermined number of John Does ("the Dade County

defendants") motion to dismiss the complaint for improper venue (DE # 31), defendants Owners

Association of Palm Beach and Broward County, Jorge Valiente, Jose Matos, Ilceane Sforca, Ossie

Fernandez, Daniel Balazi, and an undetermined number of John Does ("the Palm Beach defendants")

motion to dismiss Counts I and II or in the alternative for summary judgment on Counts I and II (DE

# 39-1, 39-2), and the Palm Beach defendants' motion to strike untimely statement of disputed facts

(DE # 72).

     Due to the notice of settlement between the Palm Beach defendants and the plaintiffs filed

on May 12, 2000, the Palm Beach defendants' motion to dismiss or in the alternative for summary



judgment (DE #'s 39-1, 39-2) is denied as moot. Palm Beach defendants' motion to strike untimely statement of disputed facts (DE # 72) is also denied as moot.

At the hearing of Friday, May 12, 2000, the court heard argument from the Dade County defendants on their motion to dismiss for lack of venue or transfer to Miami-Dade County (DE # 31). The court orally denied the motion as moot because the case is already before this court in Miami-Dade County.

The remainder of the hearing of Friday, May 12, 2000 was converted into a status conference. As discussed at the status conference, the rest of the case shall proceed in the following manner. The remaining defendants shall have 20 days from the date of the May 12, 2000 hearing to file an answer to plaintiffs' complaint. The court hereby issues a stay of discovery for 30 days in this case from the date of the May 12, 2000 hearing in order for the parties to continue settlement discussions. After the 30 days have elapsed, the parties shall proceed to a mediation before Magistrate Judge Peter R. Palermo. The court shall issue an order of reference separately.

If the parties are unable to resolve their differences after mediation with Magistrate Judge Palermo, the court shall hold a hearing on the pending motion for preliminary injunction. As set forth below, the court provides notice to the parties on the procedure to be followed in preparation for the preliminary injunction hearing:

1)    Prior to the hearing, the parties shall present all direct testimony of witnesses by affidavit. The affidavits must be filed with the court 15 days before the hearing.

2)    At the hearing, counsel will be permitted to cross-examine witnesses.

3)    Opening statements shall be presented in writing and must be filed with the court 15 days before the hearing.

4)    Each party shall also file, 15 days before the hearing, a comprehensive memorandum

containing findings of fact and conclusions of law that addresses the requirements for a preliminary injunction and applies the facts contained in the supporting affidavits to the applicable legal standards. Specifically, they must discuss the ability of the plaintiffs to demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) the threatened injury to the plaintiff outweighs any potential harm to the defendant; and (4) granting the injunction would not be adverse to the public interest. *Warren Publishing Inc. v. Microdos Data Corp.*, 115 F.3d 1509 (11th Cir. 1997); *Tepper v. Miller*, 82 F.3d 989, 992-93 n.3 (11th Cir. 1996); *Haitian Refugee Center, Inc. v. Nelson*, 872 F.2d 1555, 1561-62 (11th Cir. 1989); *Canal Auth. v. Calloway*, 489 F.2d 567, 572 (5th Cir. 1974).

5)    In addition, each party shall, in the memorandum they submit, set forth the legal and factual considerations regarding the appropriate amount of bond to be posted by the plaintiffs in the event that the court grants the relief the plaintiffs are seeking. Counsels' memoranda shall include citations to, and discussion of, the relevant case law.

6)    All submissions to the court in preparation for the preliminary injunction hearing, including the affidavits, proposed findings of facts and conclusions of law, opening statements, and memoranda of law shall also be submitted to the court on a 3.5" PC compatible computer disk in WordPerfect 8 or compatible format.

The court will set a hearing date, if necessary, after the parties have completed their mediation efforts.

Finally, the court hereby orders the parties to provide a joint status report 30 days after the May 12, 2000 hearing. The parties shall also provide the court a joint status report within 10 days after mediation has concluded before the Magistrate Judge.

**ORDERED AND ADJUDGED THAT:**

1) Defendants Support Dump Trucking Group, Inc., Juan Aragones, Oscar de Leon, Reynaldo Rodriguez, Rafael Jimenez, Norvel Igarza, Alayn Hernandez, Eduardo Rodriguez, Osmely Jimenez, Oscar Suarez, Rigoderto Pupo, Renier Martinez, Giraldo Victoria, Victor Morales, and an undetermined number of John Does ("the Dade County defendants") motion to dismiss the complaint for improper venue (DE # 31) is DENIED as MOOT.

2) Defendants Owners Association of Palm Beach and Broward County, Jorge Valiente, Jose Matos, Ilceane Sforca, Ossie Fernandez, Daniel Balazi, and an undetermined number of John Does ("the Palm Beach defendants") motion to dismiss Counts I and II or in the alternative for summary judgment on Counts I and II (DE # 39-1, 39-2) is DENIED as MOOT.

3) Palm Beach defendants' motion to strike untimely statement of disputed facts (DE # 72) is DENIED as MOOT.

4) The remaining defendants shall have 20 days from the date of the May 12, 2000 hearing to file an answer to plaintiffs' complaint.

5) The court hereby issues a stay of discovery in this case for 30 days from the date of the May 12, 2000 hearing in order for the parties to continue settlement discussions.

6)      After the 30 days have elapsed, the parties shall proceed to a mediation before

Magistrate Judge Peter R. Palermo.

7)      The court hereby orders the parties to provide a joint status report 30 days after the

May 12, 2000 hearing.

8)      The parties shall also provide the court a joint status report within 10 days after

mediation has concluded before the Magistrate Judge.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16 day of May, 2000.

---

**THE HONORABLE ALAN S. GOLD**
**UNITED STATES DISTRICT JUDGE**

cc:

Magistrate Judge Simonton

(It shall be the responsibility of plaintiffs' counsel to ensure that all interested parties, especially unrepresented individual defendants, are served with this order.)

Edward H. Trent
Richard Diaz
Cathleen A. Scott
Terry R. Swartz
Hosey Hernandez
Angel Ruiz

Terry R. Swartz
Sonneborn, Rutter, Cooney, et. al
1545 Centrepark Drive North
P.O. Box 024486
West Palm Beach, FL 33402-4486