NO. 0353  P. 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



FILED by _____ D.C.
MAY 17 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

CASE NO.: 00-6223-CIV-GOLD/Simonton

AUSTIN TUPLER TRUCKING, INC., JUNER
HAULING CORPORATION, RETRANCA
EQUIPMENT & TRUCKING CORP., TRUCK
BROKERAGE BY NATIONAL, INC., and
EASTMAN AGGREGATES

    Plaintiffs,

vs.

SUPPORT DUMP TRUCKING GROUP, INC.,
JUAN ARAGONES, OSCAR DE LEON,
REYNALDO RODRIGUEZ, RAFAEL D.
JIMENEZ, NORVEL IGARZA, ALAYN
HERNANDEZ, EDUARDO RODRIGUEZ,
OSMELY JIMENEZ, OSCAR SUAREZ,
JULIO GOMEZ, RIGODERTO PUPO,
RENIER MARTINEZ, GIRALDO VICTORIA,
VICTOR MORALES, JOHN DOE 1 through 300,
OWNERS ASSOCIATION OF PALM BEACH
AND BROWARD COUNTY, CHARLES LUQUE,
JORGE VALIENTE, JOSE MATOS, ISAAC
TURGEMAN, OSSIE FERNANDEZ, and
DANIEL BALAZI

    Defendants.
_____/

**ORDER GRANTING JOINT MOTION FOR ENTRY OF CONSENT PERMANENT INJUNCTION**

    The cause is before the Court on Plaintiffs Austin Tupler Trucking, Inc. et. al. and Defendants the Owners Association of Palm Beach and Broward County, Oscar Suarez, Victor Morales, Jorge Valiente, Jose Matos, Ossie Fernandez, and Daniel Balazi's ("Palm Beach

/02

Defendants") Joint Motion for Entry of Permanent Injunction. The court having considered the information set forth in the parties' joint motion and any other pleadings in this case, finds as follows:

1. The individual Palm Beach Defendants are independent-owner operators and work as independent contractors for truck brokers in Palm Beach and Broward County.

2. As independent owner-operators and independent contractors, the Palm Beach Defendants are not protected from the entry of the requested injunction. *United States Steel Corp. v. Fraternal Association of Steelhaulers*, 431 F.2d 1046, 1049 (3rd Cir. 1970); *Local 30 of Int'l Fisherman and Allied Workers of America v. United States*, 177 F.2d 320, 331 (9th Cir. 1949); *Spence v. Southeastern Alaska Pilots' Assoc.*, 789 F. Supp. 1007, 1012 (D. Alaska 1990).

3. On February 2000, the Palm Beach Defendants participated in a mass work stoppage with other independent owner-operators. One of the express purposes of the mass work stoppage was to influence prices paid by truck brokers to the Palm Beach Defendants and other independent owner-operators.

4. The Palm Beach Defendants agreed, conspired or collaborated with other independent owner-operators for the purpose, among other things, of influencing prices paid to dump truck operators in Palm Beach and Broward County.

5. The Palm Beach Defendants formed an unincorporated associated called the Owners Association of Palm Beach and Broward County. Palm Beach Defendants Jorge Valiente and Jose Matos were elected officers of the Owners Association of Palm Beach and Broward County with authority to act on its behalf. The other two officers, Defendants Charles Luque and Ilcean Sforca, filed similar Motions for Entry of Consent Permanent Injunctions in this case. These officers have

2

consented to the entry of this injunction against the Owners Association of Palm Beach and Broward County. The Association was created, at least in part, for the purpose of representing independent owner-operators in their request for higher rates to be paid for dump trucking services.

6. The Palm Beach Defendants' activities in conjunction with the other independent owner-operators with whom they collaborated and agreed for the purpose, among other things, of influencing prices constitutes ~~a violation of federal and state antitrust laws~~ the grounds for this injunction. *Federal Trade Commission v. Superior Court Trial Lawyers Assoc.*, 493 U.S. 411, 422-423, 110 S.Ct. 768, 107 L.Ed.2d 851 (1990); *United States Steel Corp.*, 431 F.2d at 1047-1048.

7. The Palm Beach Defendants' actions caused Plaintiffs, who are all truck brokers doing business in Palm Beach and/or Broward County, to suffer damages.

8. The Sherman and Clayton Antitrust Acts and the Florida Antitrust Act of 1980 authorize the entry of an injunction upon a finding of a violation of the statutes. 15 U.S.C. § 26; Fla. Stat. § 542.23; *United States Steel Corp.* 431 F.2d at 1048.

9. Plaintiffs Austin Tupler Trucking Inc., Juner Hauling Corporation, Retranca Equipment & Trucking Corporation, Truck Brokerage by National, Inc., and Eastman Aggregates are entitled to permanent and injunctive relief as set forth in 15 U.S.C. § 26 and Fla. Stat. § 542.23.

According, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs Austin Tupler Trucking, Inc. et al. and the Palm Beach Defendants' Joint Motion for Entry of Consent Permanent Injunction is hereby **GRANTED**. Accordingly, the Palm Beach Defendants, including the Owners Association of Palm Beach and Broward County and its members, are permanently enjoined from engaging in:

3

a. all activity to collectively set prices or tariffs for which any group of two or more independent owner-operators will work, including any collective gathering or agreement for the purpose of setting prices or tariffs;

b. all roadside demonstrations and/or mass parking defined as more than two trucks and/or two people in all roadways in Dade, Broward and Palm Beach counties for the purpose of influencing prices paid to independent owner-operators of dump trucking services;

c. all forms of threats, harassment or violence toward other independent truck owner-operators, truck drivers and Plaintiffs' suppliers or customers;

d. any attempts to disrupt the normal operations of Plaintiffs' businesses, including any attempts to disrupt any jobs Plaintiffs have contracted to perform or to influence in any way the prices Plaintiffs pay on any jobs, however, the individual Defendants may negotiate rates paid to him/her individually or any of his/her employees in the provision of services to Plaintiffs, but may not negotiate rates on behalf of any other owner-operator;

e. all obstructions of Plaintiffs' businesses, the businesses of their suppliers and customers, their homes or property, and the homes or property of other truck drivers or independent owner-operators; and

f. all boycotts of Plaintiffs' businesses, customers, suppliers or owner-operators doing business with Plaintiffs.

2. The Owners Association of Palm Beach and Broward County shall provide a copy of this Order to each of its members as set forth in the Motion for Entry of Consent Permanent

4

Injunction and shall file a notice of compliance with this directive within 30 days of the date of this Order. Further, as a condition of membership in the Owners Association of Palm Beach and Broward, its members must be made aware of this Order and agree to comply with its prohibitions.

3. Pursuant to the stipulation of the parties, the injunction ordered herein shall constitute the sole judgment on Plaintiffs' claims against the Palm Beach Defendants under Counts I and II of the Amended Complaint. Accordingly, all claims in Counts I and II of the Amended Complaint for money damages, costs and attorneys' fees against Defendants the Owners Association of Palm Beach and Broward County, Oscar Suarez, Victor Morales, Jorge Valiente, Jose Matos, Ossie Fernandez, and Daniel Balazi are hereby DISMISSED.

4. Pursuant to the stipulation of the parties, Count III of the Amended Complaint, as it applies to the Palm Beach Defendants, is hereby DISMISSED.

5. Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment is DENIED AS MOOT.

6. Defendants' Motion to Strike Untimely Statement of Disputed Facts is DENIED AS MOOT.

7. The clerk is directed to enter final judgment in accordance with this order.

Done and Ordered this ⬜ day of _____, 2000, in Chambers in Dade County, Florida.

_____
UNITED STATES DISTRICT JUDGE

cc: Edward H. Trent, Esq.
    Cathleen A. Scott, Esq.
    Counsel of Record