

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6223-CIV-GOLD/Simonton

AUSTIN TUPLER TRUCKING, INC., JUNER
HAULING CORPORATION, RETRANCA
EQUIPMENT & TRUCKING CORP.,TRUCK
BROKERAGE BY NATIONAL, INC., and
EASTMAN AGGREGATES

        Plaintiffs,
vs.

SUPPORT DUMP TRUCKING GROUP, INC.,
JUAN ARAGONES, OSCAR DE LEON,
REYNALDO RODRIGUEZ, RAFAEL D.
JIMENEZ, NORVEL IGARZA, ALAYN
HERNANDEZ, EDUARDO RODRIGUEZ,
OSMELY JIMENEZ, OSCAR SUAREZ,
JULIO GOMEZ, RIGODERTO PUPO,
RENIER MARTINEZ, GIRALDO VICTORIA,
VICTOR MORALES, JOHN DOE 1 through 300,
OWNERS ASSOCIATION OF PALM BEACH
AND BROWARD COUNTY, CHARLES LUQUE,
JORGE VALIENTE, JOSE MATOS, ISAAC
TURGEMAN, ILCEANE SFORCA, OSSIE
FERNANDEZ, and DANIEL BALAZI

        Defendants.
_____/

**ORDER GRANTING JOINT
MOTION FOR ENTRY OF
CONSENT PERMANENT
INJUNCTION**

The cause is before the Court on Plaintiffs Austin Tupler Trucking, Inc. et. al. and Defendant Ilceane Sforca's Joint Motion for Entry of Permanent Injunction. The court having considered the information set forth in the parties' joint motion and any other pleadings in this case, finds as follows:



1. Ilceane Sforca is an independent owner and works as in independent contractor for truck brokers in Palm Beach and Broward County.

2. As an independent owner-operator and independent contractor, Defendant Ilceane Sforca is not protected from the entry of the requested injunction. *United States Steel Corp. v. Fraternal Association of Steelhaulers*, 431 F.2d 1046, 1049 (3rd Cir. 1970); *Local 30 of Int'l Fisherman and Allied Workers of America v. United States*, 177 F.2d 320, 331 (9th Cir. 1949); *Spence v. Southeastern Alaska Pilots' Assoc.*, 789 F. Supp. 1007, 1012 (D. Alaska 1990).

3. On February 2000, Ilceane Sforca participated in a mass work stoppage with other independent owner-operators. The express purpose of the mass work stoppage was to influence prices paid by truck brokers to Defendant Sforca and other independent owner-operators.

4. Defendant Sforca agreed, conspired or collaborated with other independent owner-operators for the purpose of influencing prices paid to dump truck operators in Palm Beach and Broward County.

5. Defendant Sforca became an officer in the Owners Association of Palm Beach and Broward County. The Association was created, at least in part, for the purpose of representing independent owner-operators in their request for higher rates to be paid for dump trucking services.

6. Defendant Ilceane Sforca's activity in conjunction with the other independent owner-operators with whom she collaborated and agreed for the purpose of influencing prices constitutes a violation of federal and state antitrust laws. *Federal Trade Commission v. Superior Court Trial Lawyers Assoc.*, 493 U.S. 411, 422-423, 110 S.Ct. 768, 107 L.Ed.2d 851 (1990); *United States Steel Corp.*, 431 F.2d at 1047-1048.

7. Defendant Ilceane Sforca's actions caused Plaintiffs, who are all truck brokers doing business in Palm Beach and/or Broward County, to suffer damages.

8. The Sherman and Clayton Antitrust Acts and the Florida Antitrust Act of 1980 authorize the entry of an injunction upon a finding of a violation of the statutes. 15 U.S.C. § 26; Fla. Stat. § 542.23; *United States Steel Corp.*, 431 F.2d at 1048.

9. Plaintiffs Austin Tupler Trucking Inc., Juner Hauling Corporation, Retranca Equipment & Trucking Corporation, Truck Brokerage by National, Inc., and Eastman Aggregates are entitled to permanent and injunctive relief as set forth in 15 U.S.C. § 26 and Fla. Stat. § 542.23.

According, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiffs Austin Tupler Trucking, Inc. et al. and Defendant Ilceane Sforca's Joint Motion for Entry of Consent Permanent Injunction is hereby **GRANTED**. Accordingly, Defendant Ilceane Sforca is permanently enjoined from engaging in:

    a. all activity to collectively set prices or tariffs for which any group of two or more independent owner-operators will work, including any collective gathering or agreement for the purpose of setting prices or tariffs;

    b. all roadside demonstrations and/or mass parking defined as more than two trucks and/or two people in all roadways in Dade, Broward and Palm Beach counties for the purpose of influencing prices paid to independent owner-operators of dump trucking services;

    c. all forms of threats, harassment or violence toward other independent truck owner-operators, truck drivers and Plaintiffs' suppliers or customers;


d.  any attempts to disrupt the normal operations of Plaintiffs' businesses, including any attempts to disrupt any jobs Plaintiffs have contracted to perform or to influence in any way the prices Plaintiffs pay on any jobs, however, Defendant Sforca may negotiate rates paid to her or any of her employees in the provision of services to Plaintiffs;

e.  all obstructions of Plaintiffs' businesses, the businesses of their suppliers and customers, their homes or property, and the homes or property of other truck drivers or independent owner-operators; and

f.  all boycotts of Plaintiffs' businesses, customers, suppliers or owner-operators doing business with Plaintiffs.

2. Pursuant to the stipulation of the parties, the injunction ordered herein shall constitute the sole judgment on Plaintiffs' claims against Defendant Ilceane Sforca under Counts I and II of the Amended Complaint. Accordingly, all claims in Counts I and II of the Amended Complaint for money damages, costs and attorneys' fees against Defendant Sforca are hereby **DISMISSED.**

3. Pursuant to the stipulation of the parties, Count III of the Amended Complaint, as it applies to Defendant Ilceane Sforca, is hereby **DISMISSED.**

4. The clerk is directed to enter final judgment in accordance with this order.

Done and Ordered this ___ day of _____, 2000, in Chambers in Dade County, Florida.

_____
UNITED STATES DISTRICT JUDGE

cc: Edward H. Trent, Esq.
    Counsel of Record
    Ilceane Sforca, Pro Se