UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6223-CIV-GOLD/SIMONTON

AUSTIN TUPLER TRUCKING, INC., et al.,

    Plaintiffs,

vs.

SUPPORT DUMP TRUCKING GROUP, INC.,
et al.,

    Defendants.
_____/

**ORDER SCHEDULING
SETTLEMENT CONFERENCE/
HEARING**



THIS MATTER is before the Court pursuant to an order of reference entered by the Honorable Alan S. Gold, United States District Judge, for a settlement conference to be conducted by the undersigned, Sr. United States Magistrate Judge Peter R. Palermo. As a result of the District Court's Order of referral, it is hereby **ORDERED and ADJUDGED** as follows:

1. A settlement conference/hearing in this matter is scheduled before the undersigned commencing at **9:30 a.m., Wednesday, June 14, 2000**. All persons attending shall report to Room 229, at the United States District Courthouse (David W. Dyer Federal Building), 300 Northeast 1st Avenue, Miami, Florida.

2. *Persons Required to Attend.*

(a.) **The settlement conference/hearing shall be attended by all parties, corporate representatives, and their counsel of record. Each side shall have a party representative(s) present with full authority to negotiate and finalize any settlement agreement reached. Failure of a party representative with full and final authority to make and accept offers of settlement to attend this conference, may result in the undersigned's *sua sponte* recommendation to the District Judge that sanctions be entered against the offending party.**

(b.) **In the event there are any financial limitations to a party representative's authority to settle, this amount shall be disclosed in confidence to the undersigned <u>at least 3 business days</u> prior to the conference.**

(c.) **In the event that a monetary settlement would be payable from proceeds of an insurance policy, <u>a claims professional/representative(s) from the party's insurer with full and final authority to authorize payment to settle the matter up to the full limits of the party's policy(s), shall also be present</u>.**

3. Telephonic attendance **will not be considered** without the undersigned's prior permission, and unless extraordinary circumstances exist.

4. The conference will not be continued absent extremely compelling circumstances.

5. The parties shall take note that in civil actions the Court does not provide an interpreter for parties who do not speak English. In the event that a party requires an interpreter, it shall be that party's burden to provide one. The parties are further advised that laptop computers are not permitted in the Federal Courthouse absent permission from the Office of the U.S. Marshal.

6. The conference shall be conducted without a court reporter and will not be tape recorded. All representations and statements made at the conference shall remain confidential.

7. The parties are not required to submit any statements/documentation in preparation for the conference.

8. In the event this matter settles prior to the conference, the parties shall immediately advise the undersigned's chambers.

**DONE and ORDERED** in chambers at Miami, Florida this ___ day of May, 2000.

_____
**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Alan S. Gold
 Hon. Andrea M. Simonton
 Edward H. Trent, Esq.
 Richard Diaz, Esq.
 Cathleen A. Scott, Esq.
 Terry R. Swartz, Esq.
 Hosey Hernandez, Esq.
 Angel Ruiz, Esq.
 Raul Flores, Esq.
 Charles Luque