


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6223-CIV-GOLD/Simonton

AUSTIN TUPLER TRUCKING, INC., JUNER
HAULING CORPORATION, RETRANCA
EQUIPMENT & TRUCKING CORP., TRUCK
BROKERAGE BY NATIONAL, INC., and
EASTMAN AGGREGATES

        Plaintiffs,

vs.

SUPPORT DUMP TRUCKING GROUP, INC.,
JUAN ARAGONES, OSCAR DE LEON,
REYNALDO RODRIGUEZ, RAFAEL D.
JIMENEZ, NORVEL IGARZA, ALAYN
HERNANDEZ, EDUARDO RODRIGUEZ,
OSMELY JIMENEZ, OSCAR SUAREZ,
JULIO GOMEZ, RIGODERTO PUPO,
RENIER MARTINEZ, GIRALDO VICTORIA,
VICTOR MORALES, JOHN DOE 1 through 300,
OWNERS ASSOCIATION OF PALM BEACH
AND BROWARD COUNTY, CHARLES LUQUE,
JORGE VALIENTE, JOSE MATOS, ISAAC
TURGEMAN, ILCEANE SFORCA, OSSIE
FERNANDEZ, and DANIEL BALAZI

        Defendants.
_____/

**PLAINTIFFS AUSTIN TUPLER TRUCKING, INC., ET. AL. AND DEFENDANT RAFAEL JIMENEZ'S JOINT MOTION FOR ENTRY OF CONSENT PERMANENT INJUNCTION**

Pursuant to Rule 65(a), Fed. R. Civ. P., 15 U.S.C. § 26 and Fla. Stat. § 542.23, Plaintiffs Austin Tupler Trucking Inc., Juner Hauling Corporation, Retranca Equipment & Trucking Corporation, Truck Brokerage by National, Inc., and Eastman Aggregates ("Plaintiffs") and

Defendant Rafael Jimenez file this Motion for Entry of Consent Permanent Injunction. As grounds, the parties state:

1. Defendant Rafael Jimenez is an independent owner-operator who works as an independent contractor in Miami-Dade County providing dump trucking services to various truck brokerage companies, including Austin Tupler Trucking, Inc.

2. As an independent contractor, the Norris-LaGuardia Act does not prohibit the entry of the requested injunction. *United States Steel Corp. v. Fraternal Association of Steelhaulers*, 431 F.2d 1046, 1049-1051 (3rd Cir. 1970).

3. In February 2000, Defendant Rafael Jimenez, along with the other independent owner-operators in Miami-Dade County, engaged in a mass work stoppage for the purpose of obtaining higher dump truck hauling rates.

4. The independent owner operators who engaged in the mass work stoppage in Miami-Dade County formed a group called Support Dump Trucking Group, Inc. One of the purposes of the group was to force the brokers, including Plaintiffs to pay higher hauling rates.

5. Rafael Jimenez became a member and was elected an officer of Support Dump Trucking Group, Inc.

6. Defendant Rafael Jimenez's actions caused Plaintiffs, who are truck brokers doing business in Miami-Dade County, to suffer damages.

7. Rafael Jimenez acknowledges that he acted in concert with other independent owner-operators for the purpose of influencing prices paid to independent owner-operators for the provision of dump trucking services in violation of federal and state antitrust laws. *See Steelhaulers*, 431 F.2d 1046.

8. Therefore, the parties stipulate and request that the Court enter a permanent injunction against Defendant Rafael Jimenez prohibiting him from participating in:

   a. any activity to collectively set prices or tariffs for which a group of two or more independent owner-operators will work, including any collective gathering or agreement for the purpose of setting prices or tariffs;

   b. all roadside demonstrations and/or mass parking defined as more than two trucks and/or two people on all roadways in Dade, Broward, and Palm Beach County where the purpose, at least in part, of such demonstrations or mass parking is to influence prices paid for dump trucking services;

   c. all forms of threats, harassment or violence toward other independent truck owner-operators, truck drivers or Plaintiffs' suppliers or customers;

   d. any attempts to disrupt the normal operations of Plaintiffs' businesses, including any attempts to disrupt any jobs Plaintiffs have contracted to perform or to influence in any way the prices Plaintiffs pay on any job. Defendant Luque, however, may negotiate rates to be paid to him or any of his employees for providing dump trucking services.

   e. all obstructions of Plaintiffs' businesses, the businesses of their suppliers and customers, their homes or property, and the homes or property of other truck drivers or independent truck owner-operators; and

   f. all boycotts of Plaintiffs' businesses, customers, suppliers or owner-operators doing business with Plaintiffs.

9. The parties further stipulate that upon the entry of the consent permanent injunction requested in paragraph 8 of this Motion, any remaining claims against Defendant Rafael Jimenez set forth in the Amended Complaint, including any claims for money damages, costs and attorneys' fees contained in Counts I and II of the Amended Complaint, or any claims in Count III of the Amended Complaint be dismissed.

10. The parties further stipulate that upon the entry of the consent permanent injunction requested in paragraph 8 of this Motion, Defendant Rafael Jimenez's counterclaim in this action be dismissed in its entirety and with prejudice.

Respectfully submitted this 20th day of August, 2000.

By: _____
Charles S. Caulkins

FISHER & PHILLIPS LLP
Bank of America
One Financial Plaza, Suite 2300
Fort Lauderdale, Florida 33394
Telephone:  (954) 525-4800
Facsimile:  (954) 525-8739

(Fla. Bar No. 0461946)
James C. Polkinghorn
(Fla. Bar. No. 0376892)
Edward H. Trent
(Fla. Bar No. 0957186)
Attorneys for Plaintiffs.

By: _____
Rafael Jimenez, Pro Se

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of PLAINTIFFS AUSTIN TUPLER TRUCKING, INC., ET. AL. AND DEFENDANT RAFAEL JIMENEZ'S JOINT MOTION FOR ENTRY OF CONSENT PERMANENT INJUNCTION was served by First Class United States mail this 26th day of August, 2000, upon the following:

Richard Diaz, Esq.  
Richard A. Diaz, P.A.  
2701 Southwest 3rd Avenue  
Miami, Florida 33127-2335  
Attorneys for John Doe Association,  
a/k/a The Commission n/k/a Support  
Dump Trucking Group, Inc., Juan  
Aragones, Oscar de Leon, Reynaldo  
Rodriguez, Norvel Igarza, and Eduardo  
Rodriguez

Hosey Hernandez, Esq.  
Hosey Hernandez, P.A.  
Coconut Grove Bank Building  
2701 South Bayshore Drive, Suite 602  
Coconut Grove, Florida 33133  
Attorneys for Support Dump Trucking Group, Inc.

_____  
Attorney