

FILED by _____ D.C.
SEP 2 6 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6223-CIV-GOLD/Simonton

AUSTIN TUPLER TRUCKING, INC., JUNER
HAULING CORPORATION, RETRANCA
EQUIPMENT & TRUCKING CORP.,TRUCK
BROKERAGE BY NATIONAL, INC., and
EASTMAN AGGREGATES

       Plaintiffs,

vs.

SUPPORT DUMP TRUCKING GROUP, INC.,
JUAN ARAGONES, OSCAR DE LEON,
REYNALDO RODRIGUEZ, RAFAEL D.
JIMENEZ, NORVEL IGARZA, ALAYN
HERNANDEZ, EDUARDO RODRIGUEZ,
OSMELY JIMENEZ, OSCAR SUAREZ,
JULIO GOMEZ, RIGODERTO PUPO,
RENIER MARTINEZ, GIRALDO VICTORIA,
VICTOR MORALES, JOHN DOE 1 through 300,
OWNERS ASSOCIATION OF PALM BEACH
AND BROWARD COUNTY, CHARLES LUQUE,
JORGE VALIENTE, JOSE MATOS, ISAAC
TURGEMAN, ILCEANE SFORCA, OSSIE
FERNANDEZ, and DANIEL BALAZI

       Defendants.
_____/

**ORDER GRANTING JOINT MOTION FOR ENTRY OF CONSENT PERMANENT INJUNCTION**

    The cause is before the Court on Plaintiffs Austin Tupler Trucking, Inc. et. al. and Defendant Alayn Hernandez's Joint Motion for Entry of Permanent Injunction. The court having considered the information set forth in the parties' joint motion and any other pleadings in this case, finds as follows:

1. Alayn Hernandez is an independent owner and works as in independent contractor for truck brokers in Miami-Dade County.

2. As an independent owner-operator and independent contractor, Defendant Alayn Hernandez is not protected from the entry of the requested injunction. *United States Steel Corp. v. Fraternal Association of Steelhaulers*, 431 F.2d 1046, 1049 (3rd Cir. 1970); *Local 30 of Int'l Fisherman and Allied Workers of America v. United States*, 177 F.2d 320, 331 (9th Cir. 1949); *Spence v. Southeastern Alaska Pilots' Assoc.*, 789 F. Supp. 1007, 1012 (D. Alaska 1990).

3. In February 2000, Alayn Hernandez participated in a mass work stoppage with other independent owner-operators. The express purpose of the mass work stoppage was to influence prices paid by truck brokers to Defendant Hernandez and other independent owner-operators.

4. Defendant Hernandez agreed, conspired or collaborated with other independent owner-operators for the purpose of influencing prices paid to dump truck operators in Miami-Dade County.

5. Defendant Hernandez became an officer in Support Dump Trucking Group, Inc. ("SDTG"). SDTG was created, at least in part, for the purpose of representing independent owner-operators in forcing the Plaintiffs to pay higher rates for dump trucking services.

6. Defendant Alayn Hernandez's activity in conjunction with the other independent owner-operators with whom he collaborated and agreed for the purpose of influencing prices constitutes a violation of federal and state antitrust laws. *Federal Trade Commission v. Superior Court Trial Lawyers Assoc.*, 493 U.S. 411, 422-423, 110 S.Ct. 768, 107 L.Ed.2d 851 (1990); *United States Steel Corp.*, 431 F.2d at 1047-1048.

7. Defendant Alayn Hernandez's actions caused Plaintiffs, who are all truck brokers doing business in Miami-Dade County, to suffer damages.

8.  The Sherman and Clayton Antitrust Acts and the Florida Antitrust Act of 1980 authorize the entry of an injunction upon a finding of a violation of the statutes. 15 U.S.C. § 26; Fla. Stat. § 542.23; *United States Steel Corp.*, 431 F.2d at 1048.

9.  Plaintiffs Austin Tupler Trucking Inc., Juner Hauling Corporation, Retranca Equipment & Trucking Corporation, Truck Brokerage by National, Inc., and Eastman Aggregates are entitled to permanent and injunctive relief as set forth in 15 U.S.C. § 26 and Fla. Stat. § 542.23.

According, it is hereby **ORDERED AND ADJUDGED**:

1.  Plaintiffs Austin Tupler Trucking, Inc. et al. and Defendant Alayn Hernandez's Joint Motion for Entry of Consent Permanent Injunction is hereby **GRANTED**. Accordingly, Defendant Alayn Hernandez is permanently enjoined from encouraging, supporting, or engaging in:

    a.  all activity to collectively set prices or tariffs for which any group of two or more independent owner-operators will work, including any collective gathering or agreement for the purpose of setting prices or tariffs;

    b.  all roadside demonstrations and/or mass parking defined as more than two trucks and/or two people in all roadways in Dade, Broward and Palm Beach counties for the purpose of influencing prices paid to independent owner-operators of dump trucking services;

    c.  all forms of threats, harassment or violence toward other independent truck owner-operators, truck drivers and Plaintiffs' suppliers or customers;

    d.  any attempts to disrupt the normal operations of Plaintiffs' businesses, including any attempts to disrupt any jobs Plaintiffs have contracted to perform or to influence in any way the prices Plaintiffs pay on any jobs, however,

3

Defendant Hernandez may negotiate rates paid to him or any of his employees in the provision of services to Plaintiffs;

e. all obstructions of Plaintiffs' businesses, the businesses of their suppliers and customers, their homes or property, and the homes or property of other truck drivers or independent owner-operators; and

f. all boycotts of Plaintiffs' businesses, customers, suppliers or owner-operators doing business with Plaintiffs.

2. Pursuant to the stipulation of the parties, the injunction ordered herein shall constitute the sole judgment on Plaintiffs' claims against Defendant Alayn Hernandez under Counts I and II of the Amended Complaint. Accordingly, all claims in Counts I and II of the Amended Complaint for money damages, costs and attorneys' fees against Defendant Hernandez are hereby **DISMISSED.**

3. Pursuant to the stipulation of the parties, Count III of the Amended Complaint, as it applies to Defendant Alayn Hernandez, is hereby **DISMISSED.**

4. Pursuant to the stipulation of the parties, Defendant Alayn Hernandez's Counterclaim is hereby **DISMISSED WITH PREJUDICE.**

5. The clerk is directed to enter final judgment in accordance with this order.

Done and Ordered this 25 day of Sept., 2000, in Chambers in Dade County, Florida.

_____
UNITED STATES DISTRICT JUDGE

cc: Edward H. Trent, Esq.
Counsel of Record
Alayn Hernandez, Pro Se

4