UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



CASE NO.: 00-6223-CIV-GOLD/Simonton

AUSTIN TUPLER TRUCKING, INC., JUNER
HAULING CORPORATION, RETRANCA
EQUIPMENT & TRUCKING CORP.,TRUCK
BROKERAGE BY NATIONAL, INC., and
EASTMAN AGGREGATES

       Plaintiffs,

vs.

SUPPORT DUMP TRUCKING GROUP, INC.,
JUAN ARAGONES, OSCAR DE LEON,
REYNALDO RODRIGUEZ, RAFAEL D.
JIMENEZ, NORVEL IGARZA, ALAYN
HERNANDEZ, EDUARDO RODRIGUEZ,
OSMELY JIMENEZ, OSCAR SUAREZ,
JULIO GOMEZ, RIGODERTO PUPO,
RENIER MARTINEZ, GIRALDO VICTORIA,
VICTOR MORALES, JOHN DOE 1 through 300,
OWNERS ASSOCIATION OF PALM BEACH
AND BROWARD COUNTY, CHARLES LUQUE,
JORGE VALIENTE, JOSE MATOS, ISAAC
TURGEMAN, ILCEANE SFORCA, OSSIE
FERNANDEZ, and DANIEL BALAZI

**THE PARTIES AMENDED
LOCAL RULE 16.1
SCHEDULING REPORT**

       Defendants.
_____/

Plaintiffs, Austin Tupler Trucking, Inc., et. al., and Defendants, Support Dump Trucking Group, Inc., et. al. file this Scheduling Report in accordance with this Court's May 25, 2001 Order and Rule 16.1, S. D. Fla. L. R.  James C. Polkinghorn, Esq., counsel for Plaintiffs Austin Tupler Trucking, Inc., et. al., and Richard Diaz, Esq., counsel for the remaining defendants: John Doe Association, a/k/a The Commission n/k/a Support Dump Trucking Group, Inc., Juan Aragones, Oscar de Leon, Rafael D. Jimenez, Alayn Hernandez, Renier Martinez, and John Does Number 1 -900; have jointly agreed to the following dates for discovery, motions, and trial in this case.

NON-COMPLIANCE OF S.D. fla. L.R.

A. <u>Designation of Case Management Track</u>: Given the number of parties and witnesses involved and the estimated time for the completion of discovery, the parties would designate this case on the Complex Track.

B. Dates pursuant to Appendix I of the Court's February 17, 2000 Order:

| <u>Date</u> | <u>Action</u> |
|---|---|
| By July 15, 2001 | Plaintiff Will File to Dismiss Defendants' Amended Counterclaim |
| By July 30, 2001 | Defendants Will File Response to Motion To Dismiss Amended Counterclaim |
| By August 7, 2001 | Plaintiff Will File Reply In Further Support of Motion to Dismiss Amended Counterclaim |
| By August 1, 2001 | All non-dispositive pretrial motions (including motions pursuant to Fed. R. Civ. P. 14, 15, 18 through 22, and 42 motions) shall be filed. Any motion to amend or supplement the pleadings filed pursuant to Fed. R. Civ. P. 15(a) or 15(d) shall comport with S.D. Fla. L. R. 15.1 and shall be accompanied by the proposed amended or supplemental pleading and a proposed order as required. |
| By October 1, 2001 | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |
| By October 25, 2001 | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |
| By November 12, 2001 | All parties shall furnish opposing counsel with a written listing containing the names and addresses of all <u>rebuttal</u> expert witnesses intended to be called at trial and only those <u>rebuttal</u> expert witnesses shall be permitted to testify. |
| By One week after disclosure of expert | The parties shall comply with S. D. Fla. L. R. 16.1 K concerning the exchange of expert witness summaries and reports. This date shall supercede any other date in local rule 16.1 K. |

| | |
|---|---|
| By January 15, 2002 | All expert discovery shall be completed. |
| By May 1, 2002 | All non-expert discovery shall be completed. |
| By June 3, 2002 | All dispositive pretrial motions and memoranda of law must be filed. **If any party moves to strike an expert affidavit filed in support of a motion for summary judgment** [for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 125 L.Ed.2d 469, 113 S. Ct. 2786 (1993), and *Kumho Tire Company, Ltd. v. Carmichael*, – U.S. –, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)], **the motion to strike shall be filed with that party's responsive memorandum.** |
| By July 1, 2002 | Mediation shall be completed. |
| By August 1, 2002 | **Pretrial Stipulation and *Motions in Limine*.** The joint pretrial stipulation shall be filed pursuant to S. D. Fla. L. R. 16.1(E). In conjunction with the Joint Pretrial Stipulation, the parties shall file their motions in limine. |
| By August 15, 2002 | Proposed pretrial conference date. The parties request that the Court allow the parties to appear by phone. |
| On or after October 1, 2002 | Proposed trial date. |

    C.    The case is to be trial by jury.

    D.    <u>Nature of Claims</u>: Plaintiffs claim Defendants, all independent business owners, violated the Sherman Anti-Trust Act, the Clayton Anti-Trust Act, and the Florida Anti-Trust Act of 1980 by attempting to influence the price paid to independent owner-operators for dump trucking services in South Florida. Plaintiffs claim Defendants attempted to accomplish the goals of their agreement, conspiracy, and combination by engaging in a mass work stoppage and boycott enforced with acts of violence. Defendants, since returning to work, have continued their antitrust efforts by shutting down individual jobs until the targeted Plaintiff agrees to an increase in the hauling rate. Plaintiffs also claim that Defendants actions constitute an intentional interference with their business relationships.

Defendants have sought leave of court to file a counter-claim alleging that the Plaintiffs have violated anti-trust laws and engaged in an insurance scam.

       Damages: An accounting of damages has not been completed at this time. However, Plaintiff Austin Tupler Trucking, Inc. estimates its damages from the three week work stoppage may be around $200,000.00 in lost profits and additional expenses for additional security. This amount does not include costs and attorneys' fees associated with this action, nor does it include lost profits from having to meet Defendants' demands for higher hauling rates. Plaintiffs also seek permanent injunctive relief.

E.    Summary of undisputed facts: Plaintiffs are all truck brokerage companies. As truck brokers, Plaintiffs bid on construction contracts to provide dump trucking services. Plaintiffs then offer the job to various independent owner-operators. The independent owner-operators haul the required material to and from the job site for a fee. The independent owner-operators are independent business people and work as independent contractors, not employees. In early February 2000, Defendants refused to accept work for some of the Plaintiffs because of a disagreement regarding fair pay for the work being performed by the Defendants. Defendants resumed hauling for Plaintiffs by early March, 2000.

F.    A recital of the issues as presently known. Whether Defendants actions constitute a violation of state and federal antitrust laws, and if so, the amount of damages suffered and the appropriateness of permanent injunctive relief. Additionally, whether Defendants' actions constitute the tort of intentional interference with business relationships, and if so, the amount of damages suffered. Defendants seek leave to file an amended counterclaim which raises the issue of whether Plaintiffs violated anti-trust laws and engaged in an insurance scam. The Court has previously dismissed this counter-claim and Plaintiffs are preparing a second motion to dismiss the amended counter-claim.

G.    A list and summary of any pending motions. None.

H.    Progress of Discovery. No discovery has been undertaken in this case and the parties do not anticipate any discovery problems which require early court resolution.

I.    Any unique legal or factual aspects of the case requiring special consideration by the Court including jurisdictional issues or questions concerning lack of subject matter jurisdiction. None.

J.    There is no potential need for reference to a special master or magistrate.

K.    There is no need for an early case management conference.

L.    Status of potential settlement. The parties will be in a position to discuss settlement after the Court rules on the motion to dismiss Defendants' Counterclaim.

M.  The Manual on Complex Litigation, Third Edition may be of assistance in this case but because discovery has not begun and the parties anticipate a cordial working relationship to ensure full and cost-effective discovery, the parties have not determined how the Manual on Complex Litigation may assist in this case.

N.  The parties have agreed that the "disclosure requirement" imposed by Fed. R. Civ. P. 26(a)(1-4) shall not apply to this case. The parties have agreed to provide opposing counsel a list of witnesses and documents as required by Rule 16.1(B), on or before October 1, 2002.

O.  The preliminary estimate on the time necessary for trial is 15 trial days. Because there has been no discovery in this case, because of the large number of parties to this case, and because the parties have not been able to narrow the issues at this early stage, the parties have agreed to amend this estimate once the scope of trial can be more accurately ascertained.

P.  The parties know of no other issues that may assist the Court in the fair and expeditious administration and disposition of the case.

Respectfully submitted this 8th day of June, 2001.

By: _____
Richard Diaz, Esq.
Richard A. Diaz, P.A.
2701 Southwest 3rd Avenue
Miami, Florida 33127-2335
Attorneys for Defendants

By: _____
Charles S. Caulkins, Esq.
James C. Polkinghorn, Esq.
Fisher & Phillips LLP
One Financial Plaza, Suite 23000
Fort Lauderdale, Florida 33394
Attorneys for Plaintiffs