UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NUMBER 00-6223-Civ-Gold/Simonton

AUSTIN TUPLER TRUCKING, INC.
et al.

    Plaintiff,

v.

SUPPORT TRUCKING GROUP,
et al.,

    Defendants.

_____/

**DEFENDANTS, JOHN DOE ASSOCIATION A/K/A THE COMMISSION, N/K/A SUPPORT DUMP TRUCKING GROUP, INC., JUAN ARAGONES, OSCAR DE LEON, RAFAEL D. JIMENEZ, ALAYN HERNANDEZ, RENIER MARTINEZ, AND JOHN DOES NUMBER 1 - 900'S, RESPONSE AND INCORPORATED MEMORANDUM OF LAW TO PLAINTIFFS MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIM AND MEMORANDUM OF LAW**

    COME NOW, Defendants, John Doe Association, a/k/a The Commission n/k/a Support Dump Trucking Group, Inc. ("SDTG"), Juan Aragones, Oscar de Leon, Rafael D. Jimenez, Alayn Hernandez, Renier Martinez, ("Group 1 Defendants") and John Does Number 1-900, pursuant to Rule 7.1(C), S.D. Fla. L.R. and file its Response and Incorporated Memorandum of Law to Plaintiffs' Motion to Dismiss Defendants' Amended Counterclaim and Memorandum of



1

Law. As set forth more fully herein, Plaintiff's Motion to Dismiss should be denied.

### A. Standard for Motion to Dismiss

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. Arral Industries, Inc. v. Touch Entertainment, Inc., 2000 WL 141269 (S.D. Fla. 2000). Plaintiff's/Counter-Defendant's burden under Rule 12, Fed. R. Civ. P. to justify dismissal of Defendant/ Counter-Plaintiff's counterclaim is exceedingly high while the threshold of sufficiency that a complaint/counter-claim must meet to survive a motion to dismiss is "exceedingly low". Ancata v. Prison Health Services, Inc., 769 F. 2d 700, 703 (11th Cir. 1985). The reviewing court must accept the Defendants/Counter-Plaintiffs' well pled facts as true and construe the complaint/counter-claim in the light most favorable to the non-moving party. Howey v. Nisus, Inc., 910 F. Supp 567 (M.D. Fla. 1995). At a minimum, all that is required is a plain statement of the claim that "will give the plaintiff/counter-plaintiff fair notice of what the claim is and the grounds upon which it rests". Conley, 355 U.S. at 47. In deciding a motion to dismiss, the court must not look beyond the four corners of the complaint. Milburn v. U.S., 734 F. 2d 762, 765 (11th Cir. 1984). Furthermore, the allegation in the complaint must be accepted as true and construed in the light most favorable to the Defendants/Counter-Plaintiffs. Scheur v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). "A motion to dismiss is only granted when the movant demonstrates beyond a doubt that the plaintiff can prove no

2

set of facts in support of his claim which would entitled him to relief". <u>Harper v. Blockbuster Entertainment Corp.</u>, 139 F.3d 1385, 1387 (11th Cir. 1998).

### B. Plaintiffs/Counter-Defendants Assertion that Counterclaim Was Dismissed in its Entirety is False

Plaintiff/Counter-Defendants assert that the Court granted Plaintiff's Motion to Dismiss the counterclaim in its entirety. (See Motion to Dismiss at ¶3). This assertion is incorrect. Rather, the Court at page 16 of its March 21, 2001 Order stated "if the defendants cannot correct their pleading deficiencies under Count VI in accordance with the court's order, the court will be compelled to dismiss the counterclaim for lack of subject matter jurisdiction." (March 21, 2001 Order at page 16). Therefore, Plaintiffs assertions that Count I, alleging fraud, was not amended (Motion to Dismiss at ¶9); that Count II, alleging mis-representation, was not amended (Motion to Dismiss ¶10.); that Count III, alleging civil theft, was not amended (Motion to Dismiss ¶11); that Count IV, was not amended (Motion to Dismiss ¶12) and finally, that Count V was not amended (Motion to Dismiss at ¶13), are irrelevant inasmuch as this Court did not require those Counts to be amended.. Moreover, Plaintiff's assertion that Defendants "only altered two paragraphs of the 26-page Counterclaim", is not only false, but immaterial. In its March 21, 2001 Order, this Court only dismissed Count VI, stating that "failure to remedy the pleading deficiencies **in Count VI** will result in a dismissal of the entire counterclaim." (Emphasis adde)(See March 21, 2001 Order at page 16.). The Defendants' made the necessary amendments to

the Counterclaim in order to establish the necessary elements for its cause of action under Count VI, as instructed in the Court's March 21, 2001 order.

### C. The Amended Counterclaim is Sufficient to Raise a Cause of Action under Count VI for Violations of the Sherman Anti-trust Act and the Clayton Act

In order to state a cause of action under §1 of the Sherman AntiTrust Act, 15 U.S.C. §1, Defendants need only prove three elements: (1) the existence of an agreement, (2) which unreasonably restrains trade, that (3) caused damage to Defendants. Abadir & Co. v. First Mississippi Corp., 651 F. 2d 422, 424 (5th Cir. 1981). Defendants counterclaim, as amended, sets forth each and every essential element in order to charge Plaintiffs with a violation of the Sherman and Clayton Antitrust Acts.

As specified in the Court's March 21, 2001 Order, the Counterclaim was amended at paragraphs ¶47, 48, 49 and 50 to specifically clarify the conduct by the Plaintiffs which is in direct violation of the antitrust laws. Specifically, Defendant/Counter-Plaintiffs' amended counterclaim sets forth the existence of prohibited agreements between the Plaintiffs that unreasonably restrain trade in violation of Sherman Antitrust Act and Clayton Act. (Amended Counterclaim at ¶47) The counterclaim was further amended to include examples of Plaintiffs actions which evidenced violations of Sherman Antitrust and Clayton Acts. Specifically, "that Counter-Plaintiffs have gone to several of the Counter-Defendants seeking work before the counterclaim was filed and have learned that each broker knows what every other broker pays and in order to keep this

4

consistency and eliminate competition, the prices which the brokers paid are not only fixed now but have been for years and years". (Amended Counterclaim at ¶47).

The allegations of an agreement leading to Plaintiff's unreasonable restraint on trade is set forth in paragraphs 48, 49 and 50. Defendants amended these paragraphs to include, as directed in the Court's March 21, 2001, comprehensive examples of the Plaintiffs existing agreements to "boycott" the Defendants by effectuating their plan to set prices and affect commerce. The amendments include allegations of boycotting among the dealers which resulted in the absence of "competition amongst the brokers allowing for free enterprise by and between any independent owner operator driver and single broker". (See Amended Counterclaim at ¶48).

The final element necessary to establish a Sherman Anti-Trust Act and Clayton Act violation, damage caused to the defendants/Counter-plaintiffs, is set forth in Amended Counterclaim at paragraphs 48 through 51 consisting of (1) prohibited restraints on competition; (2) disallowing brokers to compete amongst each other; (3) inability of independent owner/operator/drivers to offer their services to competing brokers because of the lack of competition; (4) intimidation; (5) oppression suffered by the Defendants; and (6) extortion suffered by the Defendants. Thus, based on the four corners of Defendants/ Counter-Plaintiffs Amended Counterclaim, all necessary elements have been

pled in order to sustain a cause of action for violation of the federal antitrust laws.

The Defendants have also fully set forth a cause of action for price fixing. As set forth by this Court in its March 21, 2001 Order, in order to prove price fixing, the defendants must show that (1) there was a combination or conspiracy between the Plaintiff to fix the price or commissions they paid to the defendants and (2) defendants were injured as a proximate result of the price fixing. (March 21, 2001 Order at page 12 quoting Godix Equip. Export Corp. v. Caterpillar, Inc., 948 F. Supp 1570, 1576 (S.D. Fla. 1996). In paragraphs 47 through 50, Defendants amended their counterclaim to include the necessary elements of price fixing including the existence of a conspiracy between the Plaintiffs to fix prices (see Amended Counterclaim at ¶47, 48 and 50). Specifically, the unofficial forming of an agreement and understanding by and between the brokers to set fixed prices among them so that there can be no competition between them, thus eliminating any bargaining power between the Plaintiffs and Defendants. (See Amended Counterclaim at ¶50). This paragraph, as amended, alleges the necessary facts constituting the conspiracy, its object and accomplishment (that is, to remove all bargaining power and set prices to affect commerce), therefore meeting the first requirement for a cause of action in price fixing.

Defendants also set forth in detail the injuries suffered by the Defendants as a proximate result of the price fixing consisting of (1) affects on competition; (2) disallowing brokers to compete amongst each other; (3) inability of

independent owner/operator/drivers to offer their services to competing brokers because of the lack of competition; (4) intimidation; (5) oppression suffered by the Defendants; and (6) extortion suffered by the Defendants. (See Amended Counterclaim at paragraphs 48, 49 and 50. Through these allegations, as amended, the Defendants have succinctly set forth the necessary facts to constitute price fixing elements to support a cause of action in its amended counterclaim for price fixing in violation of the Sherman Antitrust and Clayton Acts.

The Defendants have also amended their counterclaim to include allegations of adverse effect on competition, as directed to in the Court's March 21, 2001 at page 11. In paragraph 50, Defendants/Counter-Plaintiffs allege that the Plaintiffs' "price fixing, boycotting and monopoly activities unreasonably restrain trade since they limit negotiation and free enterprise by and between the Counter-Defendants and the independent owner/operator/drivers". (Amended Counterclaim at ¶50). Such actions, standing alone, are in and of themselves violations of federal and state antitrust laws. Thus, Defendants have succinctly asserted that Plaintiffs prohibited actions adversely affected competition.

For the foregoing reasons, Plaintiffs/Counter-Defendants Motion to Dismiss should be denied.

## CONCLUSION

For the reasons set forth herein, Defendants/Counter-Plaintiffs respectfully request that this Honorable Court deny Plaintiffs/Counter-

Defendants' Motion to Dismiss Amended Counterclaim.

Respectfully submitted,

*signature*

Richard J. Diaz
F.B.N. 0767697
2701 S.W. 3rd Avenue
Miami, FL 33129
Telephone: (305) 285-1122
Facsimile: (305) 285-0354
e-mail: rick@rjdpa.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this ___ day of June, 2001 to Ed Trent, Esq., Fisher & Phillips LLP, 2300 NationsBank Tower, One Financial Plaza, Ft. Lauderdale, FL 33394 and Hosey Hernandez, Esq., 2701 S. Bayshore Drive, Suite 602, Coconut Grove, FL 33133.

*signature*

Richard J. Diaz, Esq.